■ KATHLEEN McDERMOTT, Respondent, v. MANHATTAN EYE, EAR AND THROAT HOSPITAL et al., Appellants, et al., Defendant.— Judgment reversed on the facts and the law and complaint dismissed, with $50 costs and disbursements to appellants. Plaintiff sues for malpractice in an operation to transplant the cornea of plaintiff's left eye. Plaintiff's claim is based on three contentions: choice of the operating surgeon, negligence in the performance of the operation, and that the operation was contraindicated. As to the first claim, there is no evidence at all that the operating surgeon lacked either the skill or experience to undertake the operation. As to the second claim, the evidence is that the operation is one of extreme delicacy requiring minute sutures on a curved surface, during which period the transplant must be kept in exact position. Statistics in evidence show that the incidence of failure is as high as 35%. There was no evidence at all to show that the failure to obtain a favorable result is indicative of either lack of skill or careless performance. As neither of these may be deduced from the fact, the verdict is without foundation. The jury disagreed on the question of whether the operation was contraindicated. On this branch of the case, after a prior trial it was decided that it was competent for plaintiff to establish her claim through questioning of the defendant doctors (*McDermott* v. *Manhattan Eye, Ear & Throat Hosp.*, 15 N Y 2d 20, 26–28). This, plaintiff attempted to do, but obviously failed to satisfy the jury, and we believe the attempt did not even raise an issue for submission to them. It appears without contradiction that prior to the operation plaintiff had minimal sight in her left eye and that unless the operation was undertaken in a very short period even the remaining minimum would be lost and she would be totally blind in that eye. The situation was one of desperation. If nothing was done blindness would soon ensue. An unsuccessful operation could produce no worse result. Obviously, an expectation of success even less than that which might be anticipated under favorable circumstances would warrant going ahead. It further appears that the particular disease from which plaintiff was suffering has been the subject of intensive research in the past decade, and certain beliefs professionally held and expressed in texts have been subjected to radical correction. No one testified that in the light of current information the operation would be doomed to failure; in fact, the contrary was stoutly maintained. Support for plaintiff's contention rests solely on the argument made by her counsel from his interpretation of the medical texts. In view of the situation in the field, that is not a sufficient basis on which to raise an issue. Concur — Breitel, J. P., Rabin, Eager and Steuer, JJ.; McNally, J., dissents in part in the following memorandum: I concur in the dismissal of the claims of negligence in the selection of the surgeon and the performance of the surgery. The claim that the surgery was contraindicated, as to which the jury disagreed, involves issues of fact which should be resolved by a jury. *McDermott* v. *Manhattan Eye, Ear & Throat Hosp.* (15 N Y 2d 20, 26) contains the following language: "The only question of substance upon this appeal, then, is whether the plaintiff should have been given the opportunity of establishing her claim of malpractice by showing, through the testimony of the defendant doctors, that proper medical practice contraindicated the performance of a corneal transplant on a patient such as the plaintiff." Plaintiff, through the testimony of the defendant doctors, raised an issue of fact, slight though it might be, which requires submission to a jury. The fact that the jury disagreed is wholly

irrelevant. I would therefore order a new trial on the issue of whether or not the operative procedure was contraindicated.