■ KATHERINE DE COUFLE, Respondent, v FREDERICK BENEDICT, INC., Defendant and Third-Party Plaintiff-Appellant. CITY OF NEW YORK, Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Richmond County (Goldberg, J.), dated March 23, 1982, which (1) was in favor of the plaintiff and against it in the principal sum of

$400,000, upon a jury verdict and (2) dismissed its third-party complaint against the City of New York, on the merits. Judgment modified, on the facts and as an exercise of discretion, by deleting therefrom the first decretal paragraph and substituting therefor a provision granting a new trial on plaintiff's complaint against appellant with respect to the issue of damages only, unless within 20 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry, plaintiff shall serve and file in the office of the clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $250,000 and to the entry of an amended judgment accordingly. As so modified, judgment affirmed, without costs or disbursements. In the event that plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed. The instant action was brought by plaintiff to recover damages for personal injuries suffered when she fell on the ice-covered front parking lot of defendant's store on February 21, 1979. The accident occurred after she had completed her shopping in the store shortly after noon. With respect to the issue of liability, the plaintiff adduced evidence, through the testimony of the president of the defendant store that he or his employees knew of the "terrible" icy condition of the store's front parking lot "from February 19th, when it snowed up until February 21st, when [plaintiff] fell", and that the conditions in the front parking lot were more hazardous than those in the rear parking lot which was clear. The witness further testified that his employees had been salting and chopping the ice in the front parking lot but could not keep up with the situation, and admitted that no sand had been spread thereon and no signs of warning to the public regarding the front parking lot had been posted. The store manager testified that the front parking lot was salted before 9:00 A.M. on the day of the accident. However, he did not see anyone chopping ice in the front parking lot on the day of the accident, and there were no paths in the front parking lot on that day. The plaintiff testified that she had no difficulty walking through the neighborhood to defendant's store. She did not see any employees of the defendant chopping the ice in the front parking lot of the store, nor did she observe any salt or sand on the ice. Finally, a neighbor of plaintiff testified that she herself almost fell on the ice in the front parking lot of the store on the day of the accident and that she did not see any salt, sand, chopping or paths in the front parking lot on that day. In view of the foregoing testimony, plaintiff established a prima facie case of negligence against the defendant and the jury's verdict in plaintiff's favor was supported by the weight of the evidence. Defendant argues that the court erred in failing to charge that liability could be imposed upon it only if the condition of the premises constituted an exceptional danger or was more hazardous than conditions prevailing in the surrounding neighborhood. We disagree. The standard of an exceptional danger, or a danger greater than that in the surrounding area has been applied to municipal sidewalks, but not to private property (*Williams v City of New York*, 214 NY 259, 265). The rationale behind the rule is that since a municipality has miles of sidewalks under its care and control, it would be difficult for it to keep the sidewalks clear of snow at all times and that evidence of a clear neglect of duty should be established before liability for injuries caused by snow and ice is imposed upon it (*Williams v City of New York, supra*). It is true, as defendant argues, that in *Mazanti v Wright's Underwear Co.* (266 App Div 18, 21), the Third Department indicated that many of the principles enunciated in *Williams* apply "equally in cases against property owners". However, this statement was obiter dictum, and has never been followed in this department. In any event, plaintiff testified, without

contradiction that she had no difficulty walking through the neighborhood until she arrived at defendant's store. With respect to the issue of damages, the testimony adduced at trial established that plaintiff sustained a fracture of her left hip and a fracture of the head of the left humerus. Although the hip fracture healed following surgery, plaintiff, who was 68 years old at the time of the accident, has suffered permanent loss of approximately 50% of the range of motion of her left shoulder. However, under the circumstances, it is our view that the award of $400,000 damages was excessive to the extent indicated. Damiani, J. P., Lazer, Mangano and Thompson, JJ., concur.