■ WILLIAM GIBSON, Appellant, v PAUL D'AMICO et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered November 13, 1981 in Sullivan County, upon dismissal of the complaint by the court at Trial Term (Scheinman, J.), at the close of all the evidence. We are today requested to re-examine the well-established rules in medical malpractice actions regarding the proof necessary to establish a prima facie case which is entitled to jury consideration. In this action, the trial court, finding that plaintiff had failed to offer proof sufficient to do so, granted defendants' motion and dismissed the complaint. For the reasons which follow, we affirm. It has long been the recognized rule of law that in order to establish a prima facie case of liability in most medical malpractice actions, a plaintiff must prove through expert medical opinion (1) the standard of care in the locality where treatment occurred, (2) that defendant breached that standard of care and (3) that the breach of the standard was the proximate cause of injury (see, e.g., *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 24; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389; *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 26 AD2d 519, affd 18 NY2d 970; *Morwin v Albany Hosp.,* 7 AD2d 582; 2C Warren, Negligence in the New York Courts [3d ed], Physicians and Surgeons, § 13.02, pp 830-831). The record shows that plaintiff failed to offer any evidence to demonstrate any of these required elements. Briefly, plaintiff sustained extensive injuries on September 11, 1975 when struck by an automobile. He was brought by ambulance to defendant hospital in an unconscious

condition. He was first seen in the emergency room by a Dr. Chung, who called defendant Jones, an orthopedic surgeon, to treat complaints of pain in the head and knee. Defendant Jones called in Dr. Weitzner, a general surgeon, for consultation on possible internal injuries. Dr. Weitzner also examined the left shoulder in response to complaint of "slight pain" and diagnosed a minor contusion. Upon similar complaint, defendant Jones examined the shoulder the following day and was of the opinion that no significant injury existed. Plaintiff was discharged from the hospital on September 13 and thereafter failed to appear at defendant Jones' office as instructed. Instead, he consulted defendant D'Amico on September 15 with complaints of shoulder pain. Defendant D'Amico found no injury but hospitalized plaintiff at Community General Hospital in Liberty, New York, for treatment of his knee. Defendant Jones again was called as a consultant for the knee. Following discharge from that hospital on September 21, plaintiff consulted defendant Kamilian for a second opinion on his knee injury. Defendant Kamilian denied that complaints about the shoulder were made and never examined the shoulder. Plaintiff remained under the care of defendant D'Amico primarily for his knee injury. He ordered X rays of the shoulder on December 25, 1975. In the course of plaintiff's workers' compensation claim proceedings, Dr. Rosenberg, the carrier's consultant, reported that his July 20, 1977 examination disclosed that plaintiff had sustained an incomplete acromioclavicular separation with instability of a chronic nature. Plaintiff had commenced this medical malpractice action May 4, 1977. Trial Term granted defendants' motion to dismiss the complaint for failure to prove a prima facie case at the close of all evidence, holding that plaintiff had failed to present evidence of the standard of care in the locality, breach of the standard of care or injury proximately caused. Plaintiff contends that the evidence was sufficient to permit jury consideration on the issue of negligence without expert opinion testimony of the standard of care in the community, relying upon *Tillman v Lincoln Warehouse Corp.* (72 AD2d 40) and *Larkin v State of New York* (84 AD2d 438). We disagree, finding the principles in both cases wholly distinguishable. In *Tillman,* the court held that the plaintiff should have been permitted to prove delivery to a warehouse of certain valuable dishware and the quantity lost through the use of an ancient inventory. Certain other evidentiary rulings not here applicable were held to be error. In *Larkin,* a case more nearly comparable to this case, the claimant had indeed furnished proof through expert medical opinion of the appropriate standard of care in the locality, a breach thereof and the resultant death, wholly unlike plaintiff here. The Appellate Division in *Larkin* reversed the dismissal of the claim by the trial court, holding that both medical malpractice and negligence in failure to diagnose an aneurysm had indeed been proven. Here, examination of the testimony and the subject workers' compensation records, not admitted into evidence, shows that nowhere has plaintiff provided proof of the required elements to sustain a prima facie case of malpractice. Plaintiff's argument that proof of the standard of care was not required because defendants' alleged malpractice was within the competence of a lay jury to evaluate is unpersuasive. While expert testimony is not necessary where the negligence is obvious and within the ken of laymen (e.g., *Hammer v Rosen,* 7 NY2d 376, 380; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 396, supra; *Benson v Dean,* 232 NY 52, 56-59), a different conclusion is required here. The nature of the alleged injury, its diagnosis and treatment is highly scientific in nature requiring expert testimony to properly inform a jury of the respective elements of alleged malpractice. There is also no proof to show that defendants refused to treat or examine plaintiff. To the contrary, each defendant testified that he did examine the shoulder and found no serious injury requiring treatment necessary. These opinions were confirmed by plaintiff's

own expert witness, Rosenberg, who testified that he would have done nothing more than defendant physicians did. Nor did plaintiff plead or prove liability under the theory of *res ipsa loquitur*. Having failed to prove a prima facie case in negligence or medical malpractice against the individual defendants, it is unnecessary for us to consider whether dismissal against defendant hospital was proper. Were we to consider such aspect, the result would be similar since the record is devoid of proof indicating that any of defendant physicians were hospital employees. Moreover, plaintiff's attorney candidly conceded on the record that, absent a cause of action against the doctors, there can be no cause of action against the hospital. Judgment affirmed, with costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.