■ JACQUELYN RYAN et al., Appellants, v MICHAEL B. KASSAY et al., Respondents. [699 NYS2d 301] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 21, 1998, which, upon the

granting of the defendants' motion for judgment as a matter of law, made at the close of the plaintiffs' case, is in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Jacquelyn Ryan slipped and fell on an exterior step leading into the entrance of an apartment she and her husband, the plaintiff Paul Ryan, were leasing from the defendants, Michael B. Kassay and Mary Kassay. In a nonjury trial, the Supreme Court granted the defendants' motion for judgment as a matter of law, made at the close of the plaintiffs' case.

Viewing the evidence in the light most favorable to the plaintiffs and giving them the benefit of every favorable inference which can reasonably be drawn therefrom (see, CPLR 4401; *Feger v Goldberg,* 250 AD2d 727, 728), there was no rational process by which the Supreme Court, as the finder of fact, could have found that the defendants had either actual or constructive notice of the specific defect which caused Mrs. Ryan to fall (see, *Stark v Port Auth.,* 224 AD2d 681; *Maldonado v Matera,* 237 AD2d 584). Accordingly, the Supreme Court properly granted the defendants' motion for judgment as a matter of law. S. Miller, J. P., O'Brien, McGinity and Feuerstein, JJ., concur.