JOANN PERRONE et al., Appellants, v ANITA GROVER et al., Respondents. [707 NYS2d 196] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from three judgments of the Supreme Court, Westchester County (Barone, J.), all entered December 7, 1998, which, upon the granting of the respective motions of the defendants for judgment as a matter of law made at the close of the plaintiffs' case, are in favor of those defendants, respectively, dismissing the complaint insofar as asserted against them.

Ordered that the judgments are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In order to establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of injury (*see, Gibson v D'Amico,* 97 AD2d 905; *see also, Gross v Friedman,* 138 AD2d 571, *affd* 73 NY2d 721; *Kelly v Lieber,* 261 AD2d 441). To sustain this burden, a plaintiff must present expert opinion testimony that the defendant's conduct constituted a deviation from the requisite standard of care (*see, Reid v Rye Ridge Orthopedic Assocs.,* 268 AD2d 574; *Lasek v Nachtigall,* 189 AD2d 749; *Gibson v D'Amico, supra*). Here, viewing the evidence in the light most favorable to the plaintiffs and affording them the benefit of every favorable inference (*see,* CPLR 4401; *Ryan v Kassay,* 267 AD2d 222; *Kelly v Lieber, supra*), we find that they failed to establish a prima facie case of malpractice. Although a treating physician can provide expert opinion testimony (*see, Overeem v Neuhoff,* 254 AD2d 398, 400), the

testimony of the plaintiff Joann Perrone's treating cardiologist was insufficient to demonstrate that the defendant Dr. Charles Block deviated from an accepted standard of care by failing to diagnose that she was suffering from pericardial effusion when he treated her at the emergency room of the defendant Putnam Hospital Center (hereinafter the hospital). Moreover, in the absence of proof that Dr. Block committed malpractice, there is no basis for the imposition of vicarious liability against the hospital. The plaintiffs also failed to prove, through expert opinion testimony, that the defendant obstetricians departed from an accepted standard of obstetrical care by failing to diagnose pericarditis. Accordingly, the Supreme Court properly granted the defendants' respective motions for judgment as a matter of law.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.