■ JOSEPH BERGER, Appellant, v RICHARD BECKER, Respondent. [709 NYS2d 418] —In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rudolph, J.), dated May 24, 1999, which, upon the granting of the defendant's motion for judgment in his favor as a matter of law made at the close of the plaintiff's case, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury (*see, Gibson v D'Amico*, 97 AD2d 905; *see also, Gross v Friedman*, 138 AD2d 571, *affd* 73 NY2d 721; *Kelly v Lieber*, 261 AD2d 441). To sustain this burden, a plaintiff must present expert testimony that the defendant's conduct constituted a deviation from the requisite standard of care (*see, Reid v Rye Ridge Orthopedic Assocs.*, 268 AD2d 574; *Lasek v Nachtigall*, 189 AD2d 749; *Gibson v D'Amico, supra*). Here, viewing the evidence in the light

most favorable to the plaintiff and affording him the benefit of every favorable inference (*see,* CPLR 4401; *Ryan v Kassay,* 267 AD2d 222; *Kelly v Lieber, supra*), he failed to establish a prima facie case of malpractice. The plaintiff presented no expert testimony to demonstrate that the defendant departed from an accepted standard of care in prescribing the medication "Coumadin" to reduce the plaintiff's risk of suffering a stroke.

Furthermore, the plaintiff's cause of action to recover damages based on lack of informed consent was properly dismissed because he failed to offer expert testimony as required by CPLR 4401-a, to establish the qualitative insufficiency of his consent (*see, Lopez v Sheskier,* 262 AD2d 536; *Storch v LaGuardia Med. Group,* 209 AD2d 689; *Gonzalez v Moscarella,* 142 AD2d 550), and to prove that a reasonably prudent person in his position would not have taken the prescribed drug if fully informed of its potential risks (*see, Innucci v Bauersachs,* 201 AD2d 460; *Evans v Holleran,* 198 AD2d 472; *Hylick v Halweil,* 112 AD2d 400). Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.