■ JOSEPH LUKAS, Respondent, v DONALD J. TRUMP, Doing Business as the TRUMP ORGANIZATION, et al., Appellants. [721 NYS2d 394] —In an action to recover damages for personal injuries, the defendants, Donald J. Trump, d/b/a The Trump Organization, Beach Haven Apartments No. 3, Inc., and Trump Management, Inc., appeal from (1) a judgment of the Supreme Court, Kings County (Shaw, J.), dated September 23, 1999, which, upon a jury verdict finding the defendants Beach Haven Apartments No. 3, Inc., and Trump Management, Inc., 100% at fault in the happening of the accident and awarding the plaintiff $600,000 for past pain and suffering and $700,000 for future pain and suffering, is in favor of the plaintiff and against all of the defendants, and (2) an amended judgment of the same court, entered October 22, 1999, which, upon the jury verdict, is in favor of the plaintiff and against the defendants Beach Haven Apartments No. 3, Inc., and Trump Management, Inc.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the appeal by Donald J. Trump, d/b/a The Trump Organization, from the amended judgment is dismissed, as he is not aggrieved by the amended judgment (*see,* CPLR 5511); and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent, payable by the defendants Beach Haven Apartments No. 3, Inc., and Trump Management, Inc.

The plaintiff, then a 60-year-old man with polio who used

crutches and leg braces to walk, was injured when he slipped in the basement entrance of a building owned by the defendants Beach Haven Apartments No. 3, Inc., and Trump Management, Inc. He suffered a fractured hip which required surgery, has been unable to resume using crutches, and is now confined to a wheelchair.

The trial court properly precluded the defendants from asking the plaintiff about his prior difficulties and accidents while using crutches. Such evidence would not be admitted to prove negligence on the part of the plaintiff (*see, Bowers v Johnson,* 26 AD2d 552). Moreover, even if the defendants had a proper purpose for the introduction of that evidence, they failed to offer any proof that the prior accidents were similar to the instant accident (*see, Hartley v Szadkowski,* 32 AD2d 550).

The trial court correctly provided the jury with a general verdict sheet, since the plaintiff had only one theory of liability (*see, Food Pageant v Consolidated Edison Co.,* 54 NY2d 167), and the jury charge was proper.

The award of damages did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Friedmann, J. P., Florio, Luciano and Feuerstein, JJ., concur.