■ ANGELA PACE et al., Appellants, v JONATHAN JAKUS, M.D., and NICHOLAS KLEIN, M.D., P.C., et al., Respondents, et al., Defendants. [737 NYS2d 123] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), entered July 25, 2000, which, after a jury verdict in favor of the plaintiffs, granted the motion of the respondents Jonathan Jakus, M.D. and Nicholas Klein, M.D., P.C., Jonathan Jakus, and Nicholas Klein, to set aside the verdict and dismiss the complaint, and (2) a judgment of the same court, entered September 11, 2000, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of the injury (see, Berger v Becker, 272 AD2d 565; Perrone v Grover, 272 AD2d 312). To sustain this burden, a plaintiff must present expert opinion testimony

that the defendant's conduct constituted a deviation from the requisite standard of care (*see, Perrone v Grover, supra; Prete v Rafla-Demetrious,* 224 AD2d 674). Viewing the evidence in the light most favorable to the plaintiffs and affording them the benefit of every favorable inference (*see, Berger v Becker, supra* at 566), we find that they failed to establish a prima facie case of negligence.

The expert testimony presented by the plaintiffs failed to demonstrate that the respondents departed from an accepted standard of care in failing to order a targeted sonogram. Even assuming that the respondents breached this standard of care by failing to order a targeted sonogram, there was no evidence that the breach was a proximate cause of the infant plaintiff's injuries.

The plaintiffs' remaining contentions are without merit. Smith, J.P., Friedmann, Adams and Townes, JJ., concur.