■ HAZEL J. ELLIOT, Appellant, v LONG ISLAND HOME, LTD., et al., Respondents. [784 NYS2d 615]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Burke, J.), dated February 24, 2003, which granted the defendants' motion for summary judgment dismissing the complaint and (2), as limited by her brief, from so much of an order of the same court dated May 15, 2003, as denied that branch of her motion which was for leave to renew.

Ordered that the order dated February 24, 2003, is affirmed; and it is further,

Ordered that the order dated May 15, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On September 1, 1997, the plaintiff's decedent was left unattended in the day room of the defendants' geriatric care facility, and allegedly fell while attempting to get out of her chair to reach for her walker. In June 1998 the plaintiff's decedent commenced this action to recover damages for the personal injuries that she sustained, and her daughter was substituted as the plaintiff after the decedent died in February 1999.

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care at the facility where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of the injury (*see Pace v Jakus,* 291 AD2d 436 [2002]; *Berger v Becker,* 272 AD2d 565 [2000]; *Perrone v Grover,* 272 AD2d 312 [2000]). The defendants established their entitlement to judgment dismissing the plaintiff's cause of action alleging medical malpractice by demonstrating that they did not depart from the accepted standard of care. The affirmation submitted by the plaintiff's purported expert, a registered nurse, failed to raise a triable issue of fact as to whether the defendants departed from the requisite standard of care. The plaintiff's purported expert was not a medical doctor and lacked the qualifications to render a medical opinion as to the relevant standard of care, and whether the defendants deviated from such standard (*see Mills v Moriarty,* 302 AD2d 436 [2003]; *LaMarque v North Shore Univ. Hosp.,* 227 AD2d 594 [1996]; *Douglass v Gibson,* 218 AD2d 856, 857 [1995]).

To establish a claim alleging common-law negligence, a

plaintiff must demonstrate that the defendant breached a legal duty owed to him or her, and that the alleged negligence was a proximate cause of his or her injuries (*see Pulka v Edelman,* 40 NY2d 781, 782 [1976]).

The defendants also established their entitlement to judgment dismissing the negligence cause of action by demonstrating that the plaintiff was unable to establish that their alleged negligence was the proximate cause of the decedent's injury, as there were no witnesses to the decedent's accident and the plaintiff had no personal knowledge regarding the cause of the accident (*see Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]; *Leary v North Shore Univ. Hosp.,* 218 AD2d 686, 687 [1995]; *Earle v Channel Home Ctr.,* 158 AD2d 507, 508 [1990]). The plaintiff failed to raise a triable issue of fact. Therefore, the grant of summary judgment dismissing the complaint was proper.

Further, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew, as the plaintiff failed to provide a reasonable excuse for not submitting the additional facts on the original motion (*see Albanese v Hametz,* 4 AD3d 379, 380 [2004]; *Feldstein v Rounick,* 295 AD2d 400 [2002]; *LaRosa v Trapani,* 271 AD2d 506 [2000]).

The parties' remaining contentions are without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.