■ GARY TEXTER, Respondent, v MIDDLETOWN DIALYSIS CENTER, INC., et al., Appellants, et al., Defendants. [803 NYS2d 687]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Middletown Dialysis Center, Inc., and Pat Mann appeal from a judgment of the Supreme Court, Orange County (McGuirk, J.), entered April 1, 2004, which, upon a jury verdict awarding damages in the principal sums of $200,000 for pain and suffering and loss of enjoyment of life and $197,367 for medical and hospital bills, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

The defendants' contention that the plaintiff's expert was unqualified to give an expert opinion on the standard of care and treatment applicable to dialysis centers is without merit. The testimony of the plaintiff's expert sufficiently established his qualifications as a medical expert and his familiarity with the standards of care applicable to fall protocols at the time of the decedent's accident. Once a medical expert establishes his or her knowledge of the relevant standards of care, he or she need not be a specialist in the particular area at issue to offer an opinion. Any lack of skill or expertise goes to the weight of his or her opinion as evidence, not its admissibility (*see Erbstein v Savasatit*, 274 AD2d 445 [2000]; *see also Bodensiek v Schwartz*, 292 AD2d 411 [2002]; *Allone v University Hosp. of N.Y. Univ. Med. Ctr.*, 235 AD2d 447, 448 [1997]; *Julien v Physician's Hosp.*, 231 AD2d 678, 680 [1996]; *Behan v Data Probe Intl.*, 213 AD2d 439, 440-441 [1995]; *Ariola v Long*, 197 AD2d 605 [1993]).

"To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care at the facility where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of the injury" (*Elliot v Long Is. Home, Ltd.*, 12 AD3d 481, 482 [2004]; *see Pace v Jakus*, 291 AD2d 436 [2002]; *Berger v Becker*, 272 AD2d 565 [2000]). To sustain this burden, a plaintiff must present expert testimony that the defendants' conduct constituted a deviation from the requisite standard of care (*see Pace v Jakus, supra*; *Berger v Becker, supra*). Here, there was legally sufficient evidence to support the jury's verdict finding the defendants Middletown Dialysis Center and Patricia Mann liable for negligence, arising from the decedent's fall at the conclusion of dialysis treatment.

Moreover, the verdict was not against the weight of the evidence. Where both sides present expert testimony in support of their respective positions, it is for the jury to decide which expert's testimony is more credible (*see Velez v Policastro*, 1 AD3d 429, 431 [2003]; *Cavlin v New York Med. Group*, 286 AD2d 469, 471 [2001]; *Ibrahim v Lombardo*, 229 AD2d 423, 424 [1996]).

The awards of damages for pain and suffering and loss of enjoyment of life did not deviate materially from what would be considered reasonable compensation, and the award for medical and hospital bills was supported by the evidence (*see* CPLR 5501 [c]; *Lukas v Trump*, 281 AD2d 400 [2001]; *Iovine v City of New York*, 286 AD2d 372, 373 [2001]; *Kahl v MHZ Operating Corp.*, 270 AD2d 623 [2000]; *De Coufle v Frederick Benedict, Inc.*, 93 AD2d 805 [1983]). S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.