■ JUAN FERNANDEZ, Respondent, v AHMED E. ELEMAM, Appellant. [809 NYS2d 513]—

In an action to recover damages for medical malpractice and negligence, the defendant appeals from an order of the Supreme Court, Suffolk County (Loughlin, J.), dated December 18, 2003, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff received an electric shock at Long Island Medical Associates, P.C. (hereinafter LIMA) while the physical therapist provided electronic stimulation to the plaintiff's lower back with equipment which malfunctioned. The plaintiff commenced this action against Ahmed E. Elemam, M.D., doing business as LIMA, alleging, inter alia, that Elemam was negligent in failing to maintain, inspect, and repair the equipment, and in failing to be present with the plaintiff during the administration of physical therapy. Elemam is a LIMA employee who examined the plaintiff, and ordered that the plaintiff continue the course of physical therapy that another LIMA physician had prescribed.

"To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach was the proximate cause of the injury" (*Pace v Jakus*, 291 AD2d 436 [2002]; *see Berger v Becker*, 272 AD2d 565 [2000]; *Perrone v Grover*, 272 AD2d 312 [2000]). Here, Elemam established his prima facie entitlement to summary judgment dismissing the cause of action based on medical malpractice by demonstrating

that he did not deviate from the requisite standard of care (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), and the plaintiff failed to submit any opposition papers. Therefore, the Supreme Court should have granted summary judgment dismissing the cause of action based on medical malpractice.

To establish a claim for common-law negligence, a plaintiff must first demonstrate that a defendant breached a legal duty owed to him or her (*see Pulka v Edelman,* 40 NY2d 781, 782 [1976]; *Gordon v Muchnick,* 180 AD2d 715 [1992]). However, in the absence of a duty, there is no breach and without a breach there is no liability (*see Pulka v Edelman, supra*; *Gordon v Muchnick, supra*). Elemam similarly established his prima facie entitlement to summary judgment dismissing the cause of action based on common-law negligence by presenting evidence establishing that he did not own the subject equipment, and had no responsibility to inspect, maintain, or repair it. The plaintiff failed to submit any opposition papers. As such, the Supreme Court also should have granted summary judgment dismissing the cause of action based on negligence.

The instant motion did not violate the general proscription against making successive summary judgment motions in the same action. A prior order denying Elemam's first motion for summary judgment was denied, in effect, with leave to renew.

Contrary to the Supreme Court's conclusion, under the particular circumstances of this case, the motion was properly made returnable before the judge then assigned to the case (*see* 22 NYCRR 202.8 [a]; *Ministry of Christ Church v Mallia,* 129 AD2d 922, 923 [1987]; *Dalrymple v Martin Luther King Community Health Ctr.,* 127 AD2d 69, 72 [1987]).

The plaintiff's remaining arguments are unpreserved for appellate review and, in any event, are without merit (*see Miller v Village of Wappingers Falls,* 289 AD2d 209, 210 [2001]). Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.