| **Ruggiero v State of New York** |
| 2010 NY Slip Op 34128(U) |
| November 1, 2010 |
| Court of Claims |
| Docket Number: UID: 2010-015-187 |
| Judge: Francis T. Collins |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# Synopsis

Claimant's motion for partial summary judgment was granted in part and denied in part. To the extent cause of action for excessive wrongful confinement in the prison SHU was the result of ministerial neglect, motion for partial summary judgment on liability was granted. To the extent claim alleged wrongful confinement following administrative reversal of hearing determination, claimant failed to establish proximate cause, i.e., outcome would have been different had no errors occurred.

# Case information

| | |
|---|---|
| UID: | 2010-015-187 |
| Claimant(s): | ANTHONY RUGGIERO |
| Claimant short name: | RUGGIERO |
| Footnote (claimant name) : | |
| Defendant(s): | THE STATE OF NEW YORK |
| Footnote (defendant name) : | |
| Third-party claimant(s): | |
| Third-party defendant(s): | |
| Claim number(s): | 118304 |
| Motion number(s): | M-78474 |
| Cross-motion number(s): | |
| Judge: | FRANCIS T. COLLINS |
| Claimant's attorney: | Anthony Ruggiero, Pro Se |
| Defendant's attorney: | Honorable Andrew M. Cuomo, Attorney General<br>By: Joan Matalavage, Esquire<br>Assistant Attorney General |
| Third-party defendant's attorney: | |
| Signature date: | November 1, 2010 |
| City: | Saratoga Springs |
| Comments: | |
| Official citation: | |
| Appellate results: | |
| See also (multicaptioned case) | |

# Decision

Claimant, an inmate proceeding pro se, moves for summary judgment on his causes of action for excessive wrongful confinement and medical negligence pursuant to CPLR 3212.

Claimant alleges causes of action for excessive wrongful confinement stemming from the reversal of a Hearing Officer's determination of guilt relating to certain disciplinary charges brought against him at Great Meadow Correctional Facility (Great Meadow) (claimant's Exhibit A, Claim, first through fourth causes of action). He also asserts a medical negligence cause of action for the alleged failure to provide him pain medications in the dosage prescribed prior to his admission to the Special Housing Unit (SHU) (claimant's Exhibit A, Claim, fifth cause of action).

Claimant's first four causes of action allege that he was wrongfully confined to the SHU from October 7, 2009 through December 8, 2009.[1]

[* 1]

The claim seeks compensation for a total of 64 days spent in SHU at both Great Meadow (37 days) and Southport Correctional Facility (27 days).

On September 29, 2009 claimant was issued a misbehavior report for refusing a direct order and failing to comply with urinalysis test procedures (claimant's Exhibit E). He was found guilty on October 6, 2009 and a penalty of 12 months confinement in the SHU was imposed.[2] Claimant appealed the Hearing Officer's determination on the ground that his request for two witnesses was denied without explanation. The guilty determination was administratively reversed on November 9, 2009 (claimant's Exhibit F). While the basis for the reversal was not included in the notification sent to the claimant (claimant's Exhibit F), in opposition to the instant motion defendant proffers a certified record indicating that the guilty determination was reversed because the "hearing officer inappropriately considered the inmate's disciplinary history in the 'Statement of Evidence Relied Upon' " (defendant's Exhibit A). Records containing references to the superintendent's hearing were directed to be expunged from the claimant's institutional record (defendant's Exhibit A).

In order to establish a prima facie case of wrongful confinement, a claimant must show "(1) the defendant intended to confine him, (2) the [claimant] was conscious of the confinement, (3) the [claimant] did not consent to the confinement and (4) the confinement was not otherwise privileged . . ." (Broughton v State of New York, 37 NY2d 451, 456 [1975], *cert denied sub nom*. Schanbarger v Kellog, 423 US 929 [1975]). Here, claimant established the defendant intended to confine him, he was conscious of the confinement and that he did not consent to the confinement. As with most causes of action for wrongful excessive confinement in a prison setting, it is the last factor, the issue of privilege, which poses the most difficulty.

While it is well-settled that actions of correctional facility employees taken in furtherance of authorized disciplinary measures are quasi-judicial in nature and entitled to absolute immunity, it is equally settled that actions of employees which exceed the scope of their authority or violate applicable governing statutes and regulations are not (Arteaga v State of New York, 72 NY2d 212, 218-220 [1988]; Davidson v State of New York, 66 AD3d 1089 [2009]; Holloway v State of New York, 285 AD2d 765, 766 [2001]; Mitchell v State of New York, 32 AD3d 594 [2006]; DuBois v State of New York, 25 Misc 3d 1137 [Ct Cl 2009]). Claimant in the instant action seeks compensation for the entire period he was subjected to confinement in SHU, *i.e.*, from October 7, 2009 through December 10, 2009. With respect to the period of confinement prior to the November 9th reversal of the disciplinary determination, claimant contends that the conduct of the Hearing Officer in denying his request to call witnesses without explanation violated his due process rights and a Department of Correctional Services (DOCS) regulation requiring that the reasons for any such denial be provided to the inmate in writing (7 NYCRR § 254.5). Even if such a violation occurred, however, claimant must establish proximate cause by showing that the outcome of the hearing would have been different had no violation of the regulatory right to call witnesses occurred. As Judge Sise explained in Rivera v State of New York (UID # 2006-028-008, Claim No. 102781 [Ct Cl, February 8, 2006] Sise, P.J.) "any money damages awarded to Claimant for the days that he spent in SHU would constitute a windfall, not compensation, if he would have been sentenced to SHU in any event. Without any proof that Defendant's failure to carry out a duty owed to claimant likely caused him any actual harm, there can be no recovery."[3] Recognizing the practical difficulties of establishing proximate cause in such a case, claimant cites DuBois v State of New York (*supra*) in support of his contention that administrative reversal of the disciplinary determination of guilt, together with the expungement of the record relative thereto, shifts to defendant the burden of establishing that the testimony of the missing witnesses would not have affected the outcome of the proceeding. In DuBois, Judge Patti accorded the claimant the benefit of a rebuttable presumption on the issue of causation where the claimant's disciplinary record had been expunged and claimant was deprived of the means to establish that the outcome of the proceeding would have been different but for the defendant's denial of his right to call witnesses.

Claimant contends that the testimony of the requested witnesses, Correction Officer Lawrence and Gayle Chamberlain, RN, would have established the fact that Correction Officer Lawrence's request for a urinalysis test was not based upon a good faith suspicion of illicit drug use but, rather, in retaliation for the claimant's complaint to Nurse Chamberlain regarding a shoulder injury allegedly inflicted by Correction Officer Lawrence on September 28, 2009, one day prior to the urinalysis test request (*see* claimant's Exhibit D). Even assuming improper motives triggered the request for the urinalysis test, however, there is "no authority which would entitle an inmate to challenge the sufficiency of the grounds upon which a correction official may order a urinalysis test" (Matter of Shaffer v Hoke (174 AD2d 787, 788 [1991], *citing*, inter alia, 7 NYCRR § 1020.4 and distinguishing Matter of Lahey v Kelly, 71 NY2d 135, 144 [1987] [stating in dicta that an inmate can challenge whether the test was authorized under the grounds stated in 7 NYCRR 1020.4]; *see also* Matter of Mitchell v Selsky, 252 AD2d 639 [1998]).

[* 2]

Under the circumstances of this case the claimant is not entitled to a presumption that he would have prevailed but for the conduct of the defendant. The anticipated testimony of the witnesses claimant requested could have established only that the proffered basis for the urinalysis test request was a pretext for retaliation. Inasmuch as the Appellate Division, Third Department, concluded in Shaffer (*supra*) that an inmate may not challenge the sufficiency of the grounds for a urinalysis test request, the testimony claimant sought to elicit from the witnesses was irrelevant and could not have made a difference in the outcome of the hearing. It cannot be concluded, therefore, that claimant's confinement to the SHU until the administrative reversal of the Hearing Officer's determination on November 9, 2009 was caused by the regulatory violation alleged. Claimant's confinement on and before November 9, 2009 was therefore privileged. Upon searching the record pursuant to CPLR 3212 (b), the claim is dismissed to the extent it alleges a cause of action for wrongful excessive confinement on or before November 9, 2009. A different result is reached with respect to claimant's continued confinement to the SHU subsequent to November 9, 2009, the date the determination of guilt was reversed.

Claimant established for the period subsequent to November 9, 2009, that his confinement to the SHU was the result of ministerial neglect. The defendant had a duty to release the claimant from SHU confinement upon the reversal of the disciplinary determination on November 9, 2009, but failed to do so until December 10, 2009 (*see e.g.* Ramos v State of New York , UID No. 2000-029-017, Claim No. 94496 [Ct Cl, September 8, 2000] Mignano, J.) .

In opposition to the motion, defendant submits an affidavit from Douglas Botsford, DOCS Director of Classification and Movement, wherein he states based only upon information and belief that claimant was transferred from Great Meadow to Southport Correctional Facility "during the period of SHU confinement" (defendant's Exhibit B, ¶ 4), and that "once Claimant's Tier III hearing was reversed, personnel at Southport requested a transfer . . . on November 23, 2009, [which was] approved on November 27, 2009, and Claimant left Southport on December 8, 2009. He arrived at Clinton Correctional Facility on December 10, 2009" (defendant's Exhibit B, ¶ 5). The affidavit of Mr. Botsford fails to refute claimant's prima facie showing that the determination of guilt was administratively reversed on November 9, 2009 and that, notwithstanding this fact, defendant continued claimant's confinement to the SHU until December 10, 2009. Nor does the Botsford affidavit establish that exceptional circumstances warrant the conclusion that defendant acted expeditiously or that logistical circumstances prevented the defendant from releasing claimant from SHU confinement sooner (*see* Malik v State of New York, UID No. 2007-038-557, Claim No. 113091 [Ct Cl, September 10, 2007] DeBow, J.). Accordingly, claimant's motion for summary judgment on the issue of liability relative to his cause of action for excessive wrongful confinement is granted for the period of November 10, 2009 through December 10, 2009.

That branch of the claimant's motion for summary judgment on his cause of action for medical negligence is denied. Whether the facts alleged give rise to a cause of action for medical malpractice or medical negligence, expert medical evidence was required to establish liability (Spensieri v Lasky, 94 NY2d 231 [1999]; Morgan v State of New York, 40 AD2d 891 [1972], *affd* 34 NY2d 709 [1974], *cert denied* 419 US 1013 [1974]; Trottie v State of New York, 39 AD3d 1094 [2007]; Lowe v State of New York, 35 AD3d 1281 [2006]; Bracci v Hopper, 274 AD2d 865 [2000]; Berger v Becker, 272 AD2d 565 [2000]; Perrone v Grover, 272 AD2d 312 [2000]; Gibson v D'Amico, 97 AD2d 905 [1983], *lv denied* 61 NY2d 603 [1984]). No such evidence was presented here.

Based on the foregoing, claimant's motion for summary judgment on his causes of action for wrongful confinement is granted on the issue of liability for the period November 10, 2009 through December 10, 2009 and, upon searching the record, claimant's causes of action for wrongful confinement for the period preceding November 10, 2009 are dismissed. Claimant's motion for summary judgment on his cause of action for medical negligence is denied. A trial on the issue of damages and the medical negligence cause of action will be scheduled at the appropriate juncture.

November 1, 2010

Saratoga Springs, New York

FRANCIS T. COLLINS

Judge of the Court of Claims

The Court considered the following papers:

    1. Notice of motion dated June 23, 2010;

2. Affidavit of Anthony Ruggiero sworn to June 23, 2010 with exhibits;

3. Affidavit of Joan Matalavage sworn to August 16, 2010 with exhibits.

---

1. While the claim alleges the claimant was released to a general population cell at Clinton Correctional Facility on December 8, 2009, the proof submitted in support of the motion establishes that, in fact, he was not released to a general population cell at Clinton Correctional Facility until December 10, 2009. Specifically, claimant contends that he was wrongfully confined in the SHU at Great Meadow Correctional Facility from October 7, 2009 through November 12, 2009; at Southport Correctional Facility (an SHU facility) from November 13, 2009 through December 8, 2009, and to the SHU at Downstate Correctional Facility from December 8, 2009 until his transfer and release to a general population cell at Clinton Correctional Facility on December 10, 2009.

2. At that time, he was confined to his general population cell on keeplock status as the result of a prior disciplinary penalty which had been imposed from September 26, 2009 through January 23, 2010 (claimant's Exhibit C).

3. Unreported decisions from the Court of Claims are available via the internet at www.nyscourtofclaims.state.ny.us.

<& /claims/inclusions/footer.htm &>

[* 4]