# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**276**
**CA 10-02251**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IDA G. CARTHON, AS ADMINISTRATRIX OF THE
ESTATE OF ELIGE CARTHON, JR., DECEASED,
PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

BUFFALO GENERAL HOSPITAL @ DEACONESS SKILLED
NURSING FACILITY DIVISION AND KALEIDA HEALTH,
DEFENDANTS-APPELLANTS.

---

DAMON MOREY LLP, BUFFALO (MEGHANN N. ROEHL OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BROWN CHIARI LLP, LANCASTER (THERESA M. WALSH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered March 16, 2010 in a wrongful death action. The order denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the first and second causes of action except insofar as they allege ordinary negligence on the part of defendants and as modified the order is affirmed without costs in accordance with the following Memorandum: Plaintiff, as administratrix of the estate of her husband (decedent), commenced this action seeking damages for his wrongful death. Decedent was a resident of a nursing home owned and operated by defendants when he died at age 68 while eating dinner at the facility. Decedent suffered from several ailments, including alcohol-related dementia and complications from a stroke, which left him unable to speak and with difficulty in swallowing. The care plan in effect for decedent at the time of his death called for him to be supervised while eating. According to plaintiff, decedent died as a result of choking on food during dinner. Following discovery, defendants moved for summary judgment dismissing the complaint on the grounds that the causes of action sound in medical malpractice rather than in ordinary negligence and that defendants established that the care they provided to decedent did not deviate from the accepted standard of medical care. Supreme Court denied the motion. We note at the outset that, in moving for summary judgment, defendants did not address the third cause of action, which alleges the violation of specified sections of the Public Health Law. We therefore do not address that cause of action either.

We agree with defendants that the complaint, as amplified by the bill of particulars, alleges several claims sounding in medical malpractice and that the court erred in denying their motion with respect to those claims. We therefore modify the order accordingly. For instance, the complaint, as amplified by the bill of particulars, alleges that defendants failed to "enact and follow an appropriate care plan" for decedent, failed to "change and/or adjust [decedent's] care plan," failed to "update and follow an appropriate plan of care pursuant to a comprehensive assessment," failed to "provide adequate staffing," and failed to "provide adequate services to maintain [decedent's] physical well-being." Those claims "sound in medical malpractice because they challenge the [nursing home's] assessment of [decedent's] need for supervision" (*Smee v Sisters of Charity Hosp. of Buffalo*, 210 AD2d 966, 967). We further agree with defendants that they met their initial burden on the motion with respect to those claims of medical malpractice by submitting the affidavit of their expert physician, who averred that defendants did not deviate from the accepted standard of medical care in the treatment and assessment of decedent (*see Elliot v Long Is. Home, Ltd.*, 12 AD3d 481, 482), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Even assuming, arguendo, that a registered nurse is qualified to render a medical opinion with respect to the relevant standard of care (*cf. Elliot*, 12 AD3d at 482), we conclude that the affidavit of a registered nurse submitted by plaintiff in opposition to the motion is insufficient to raise a triable issue of fact (*see Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436).

We conclude, however, that the court properly denied the motion with respect to the remaining claims, which sound in ordinary negligence inasmuch as they are based on allegations that defendants' employees failed to carry out the directions of the physicians responsible for decedent's care plan (*see Fields v Sisters of Charity Hosp.*, 275 AD2d 1004). The complaint, as amplified by the bill of particulars, alleges that defendants failed to provide proper supervision and assistance to decedent at dinner on the night in question, thus causing him to choke to death, and that they failed to follow their own "aspiration precautions" for the nursing home residents. Although defendants met their initial burden of establishing that their employees adequately supervised decedent while he was eating, we conclude that plaintiff raised a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman*, 49 NY2d at 562). In opposition to the motion, plaintiff submitted, inter alia, an incident report signed by the nursing home floor manager stating that the certified nursing assistant assigned to supervise decedent at dinner was passing trays in the dining room when the incident occurred.

We reject defendants' alternative contention that the court erred in denying its motion because decedent died of natural causes while he happened to be eating. Even assuming, arguendo, that defendants met their initial burden of establishing that decedent died of a heart attack or a stroke, we conclude that the evidence submitted by plaintiff in opposition to the motion is sufficient to raise a triable

issue of fact whether decedent choked to death.  Indeed, the medical records submitted by plaintiff indicate that one of the paramedics who attempted to resuscitate decedent removed large pieces of food from his trachea, and one of defendants' employees testified that decedent appeared to be choking and that several other employees attempted the Heimlich Maneuver.

Entered:  April 1, 2011                      Patricia L. Morgan
                                             Clerk of the Court