Meier v Simpson (2020 NY Slip Op 06632)





Meier v Simpson


2020 NY Slip Op 06632


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


833 CA 19-01909

[*1]CHRISTOPHER MEIER, PLAINTIFF-RESPONDENT,
v
ROBERT BRUCE SIMPSON, M.D., UPSTATE ORTHOPEDICS, LLP, KWAME AMANKWAH, M.D., AND UNIVERSITY SURGICAL ASSOCIATES, LLP, DEFENDANTS-APPELLANTS. 






GALE GALE & HUNT, LLC, SYRACUSE (KATHERINE A. BUCKLEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS ROBERT BRUCE SIMPSON, M.D., AND UPSTATE




 Appeals from an order and judgment (one paper) of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered October 15, 2019. The order and judgment, among other things, denied the motion of defendants Kwame Amankwah, M.D., and University Surgical Associates, LLP, for summary judgment and denied in part the motion of defendants Robert Bruce Simpson, M.D., and Upstate Orthopedics, LLP, for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting the motion of defendants Kwame Amankwah, M.D. and University Surgical Associates, LLP in part and dismissing the second cause of action against those defendants, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants Kwame Amankwah, M.D. and University Surgical Associates, LLP (collectively, Amankwah defendants) and defendants Robert Bruce Simpson, M.D. and Upstate Orthopedics, LLP (collectively, Simpson defendants), seeking damages for injuries sustained by plaintiff following reconstructive knee surgery, resulting in the need for plaintiff to undergo a below-the-knee amputation. In his complaint, plaintiff asserted causes of action for medical malpractice and lack of informed consent. The Amankwah defendants and the Simpson defendants separately moved for summary judgment dismissing the complaint against them. Defendants now appeal from an order and judgment that denied the Amankwah defendants' motion in its entirety and denied the Simpson defendants' motion except with respect to certain claims in the medical malpractice cause of action.
While we agree with defendants that they separately met their initial burden with respect to the remaining claims in the medical malpractice cause of action by each submitting the affidavit of their expert physician, who averred that defendants did not deviate from the accepted standard of medical care in the treatment and monitoring of plaintiff (see Carthon v Buffalo Gen. Hosp. Deaconess Skilled Nursing Facility Div., 83 AD3d 1404, 1405 [4th Dept 2011]), we conclude that the affidavit of plaintiff's medical expert raised triable issues of fact with respect thereto (see Gardiner v Halleran, 172 AD3d 1922, 1922 [4th Dept 2019]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Where, as here, the "nonmovant's expert affidavit 'squarely opposes' the affirmation of the moving parties' expert, the result is 'a classic battle of [*2]the experts that is properly left to a jury for resolution' " (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
We agree with the Amankwah defendants, however, that they established their entitlement to judgment as a matter of law dismissing the second cause of action, for lack of informed consent, against them and that plaintiff failed to raise a triable issue of fact in opposition (see Jousma v Kolli, 169 AD3d 1356, 1357 [4th Dept 2019]; Harris v Saint Joseph's Med. Ctr., 128 AD3d 1010, 1013 [2d Dept 2015]). We therefore modify the order and judgment accordingly.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court