Noga v Brothers of Mercy Nursing & Rehabilitation Ctr. (2021 NY Slip Op 05189)





Noga v Brothers of Mercy Nursing & Rehabilitation Ctr.


2021 NY Slip Op 05189


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


403 CA 20-01069

[*1]KATHARINE NOGA, AS PRELIMINARY EXECUTRIX OF THE ESTATE OF GEORGE NOGA, ALSO KNOWN AS GEORGE S. NOGA, SR., DECEASED, PLAINTIFF-RESPONDENT,
v
BROTHERS OF MERCY NURSING & REHABILITATION CENTER AND BROTHERS OF MERCY NURSING HOME COMPANY, INC., DEFENDANTS-APPELLANTS. 






VAHEY GETZ LLP, ROCHESTER (JON P. GETZ OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BROWN CHIARI, LLP, BUFFALO (NICOLE T.C. MARQUES OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 18, 2020. The order granted the motion of plaintiff for leave to reargue and, upon reargument, denied the motion of defendants for summary judgment and reversed the prior order dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendants' motion for summary judgment in part and dismissing the complaint except to the extent that the complaint, as amplified by the bill of particulars, alleges failure to provide proper supervision and failure to follow and to revise the decedent's care plan, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, as executrix of the estate of her father (decedent), commenced this action seeking damages for the decedent's physical injuries and ultimate death, alleging that they were caused by, inter alia, defendants' negligence. The decedent was a double amputee with end-stage renal failure when he resided at a nursing home owned and operated by defendants. While the decedent was unsupervised, he fell out of his wheelchair and sustained a fracture to his left shoulder. Two days later, he died.
Following discovery, defendants moved for summary judgment dismissing the complaint on the ground that they were not negligent as a matter of law. Supreme Court granted the motion in its entirety, and plaintiff made a motion for leave to reargue. Upon granting plaintiff's motion for leave to reargue, the court reversed its prior order and denied defendants' motion for summary judgment in its entirety, reinstating the complaint. We now modify the order on appeal by granting defendants' motion in part and dismissing the complaint except to the extent that the complaint, as amplified by the bill of particulars, alleges failure to provide proper supervision and failure to follow and to revise the decedent's care plan, and we otherwise affirm.
As an initial matter, we reject defendants' contention that the court improperly reversed its own order sua sponte. It was within the court's power to reverse its prior order upon plaintiff's motion for leave to reargue on the ground that the court misapprehended the facts and the law in determining defendants' motion (see CPLR 2221 [d] [2]; Luppino v Mosey, 103 AD3d 1117, 1118 [4th Dept 2013]; cf. Merriwether v Osborne, 66 AD3d 851, 852 [2d Dept 2009]). We likewise reject defendants' contention that the court abused its discretion in granting plaintiff's motion for leave to reargue. Plaintiff made a sufficient showing that the court overlooked a controlling principle of law by establishing that the parties submitted conflicting testimony from expert witnesses, thereby creating " 'a credibility battle . . . properly left to a jury for its resolution' " (Federczyk v Garden Gate Health Care Facility, 162 AD3d 1588, 1589 [4th [*2]Dept 2018]).
We agree with defendants, however, that the complaint, as amplified by the bill of particulars, alleges several claims sounding in medical malpractice, and that the summary judgment standard for medical malpractice claims should apply to those claims. Specifically, plaintiff alleges that defendants failed to "provide proper services to the decedent[,] . . . provide . . . adequate . . . staff[ing,] . . . change and/or adjust the decedent's care plan . . . [, and] adequately formulate and/or promulgate a care plan in accordance with a comprehensive assessment[]," all of which sound in medical malpractice because they challenge defendants' assessment of the decedent's need for supervision (see Carthon v Buffalo Gen. Hosp. Deaconess Skilled Nursing Facility Div., 83 AD3d 1404, 1405 [4th Dept 2011]; Smee v Sisters of Charity Hosp. of Buffalo, 210 AD2d 966, 967 [4th Dept 1994]). With respect to the medical malpractice claims, we agree with defendants that they met their initial burden on their motion by submitting the affirmation of an expert physician, who opined that defendants did not deviate from the accepted standard of care in the treatment and assessment of the decedent, and that the alleged negligence did not cause the decedent's injuries or death (see Pasek v Catholic Health Sys., Inc., 186 AD3d 1035, 1036 [4th Dept 2020]). We nevertheless conclude that plaintiff raised a triable issue of fact in opposition by submitting the affidavit of her own expert, who opined that defendants deviated from the standard of care insofar as they did not amend the decedent's care plan to require greater supervision after he was noted to be experiencing confusion and delirium, and that such deviation proximately caused the decedent's fall (see Hranek v United Methodist Homes of Wyo. Conference, 27 AD3d 879, 881 [3d Dept 2006]). Plaintiff's expert did not, however, address the claims regarding inadequate staffing procedures and training, and those claims are accordingly deemed abandoned (see Pasek, 186 AD3d at 1036). Consequently, we conclude that the court should have granted defendants' motion with respect to plaintiff's claims sounding in medical malpractice except for such claims regarding the failure to provide proper supervision and the failure to revise the decedent's plan of care in light of his deteriorating mental state.
We conclude that plaintiff's claims that defendants were negligent in failing to follow the care plan and to equip the decedent's wheelchair with a seatbelt sound in ordinary negligence inasmuch as they relate to defendants' general duty to safeguard the nursing home's residents, measured by "the capacity of [a resident] to provide for his or her own safety" (Schnorr v Emeritus Corp., 118 AD3d 1307, 1307 [4th Dept 2014] [internal quotation marks omitted]) and "the [resident's] physical and mental ailments known to the [agency's] officials . . . and employees" (Smart v Rivet, 126 AD3d 1474, 1475 [4th Dept 2015] [internal quotation marks omitted]). Thus, with respect to those claims, defendants on their motion for summary judgment had the "burden of establishing that [they] exercised reasonable care and diligence in providing for the safety of [the] decedent and thus [were] not negligent as a matter of law" (Edson v Community Gen. Hosp. of Greater Syracuse, 289 AD2d 973, 974 [4th Dept 2001]). Defendants met that burden with respect to the claim alleging negligence in failing to equip the decedent's wheelchair with a seatbelt by submitting evidence that they formulated a plan of care that addressed the decedent's risk of falling, and that a restrictive lap belt was not used in their facility. Plaintiff failed to raise a triable issue of fact in opposition with respect to that claim inasmuch as plaintiff's expert failed to opine how a nonrestrictive lap belt would have prevented the subject accident (cf. Warley v Grampp, 107 AD3d 1111, 1114 [3d Dept 2013]).
With respect to the claim alleging negligence in failing to follow the decedent's care plan, we conclude that defendants failed to meet their initial burden on their motion of establishing that they followed the care plan, inasmuch as their own papers indicated that the decedent was left unsupervised for 10 minutes longer than permitted by his care plan (cf. Carthon, 83 AD3d at 1405). Thus, we conclude that the court should have granted defendants' motion with respect to the claim alleging negligence in failing to equip the decedent's wheelchair with a seatbelt, but that the court did not err in denying defendants' motion with respect to the claim alleging negligence in failing to follow the care plan.
Finally, with respect to plaintiff's Public Health Law claims, we conclude that defendants met their initial burden on their motion, and plaintiff failed to raise an issue of fact in opposition (see Public Health Law § 2801-d [1]; Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833, 834 [2d Dept 2011]). Thus, the court should have granted defendants' motion with respect to those claims.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court