■ Vito L. Calbi et al., Appellants, v General Motors Corporation et al., Respondents. [611 NYS2d 191] —Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered February 8, 1993, which limited plaintiffs' discovery demands to those portions of the subject vehicle claimed to be defective and to the year of the vehicle's manufacture, unanimously modified, on the law and the facts and in the exercise of discretion, to strike items 3, 6 and 8 from the notice of discovery and inspection dated September 17, 1992, without prejudice to re-service thereof following plaintiffs' submission to oral deposition, said interrogatories to be thereupon further limited to the defects asserted by plaintiffs at such deposition, and as so modified, affirmed, without costs.

The motion court properly limited the scope of the interrogatories to the year, make and model of the subject vehicle (Bertocci v Fiat Motors, 76 AD2d 779). But because this accident occurred almost ten years ago, and plaintiffs have yet to particularize the alleged mechanical defect(s) of the vehicle rented from defendant Hertz and manufactured by defendant General Motors ("GM"), other than an allegation in the complaint that "the mechanism, equipment and parts of the said motor vehicle did fail," defendants are entitled to this long-delayed relief before being compelled to comply with onerous demands for the further production of a wide range of unspecified documents (see, Rios v Donovan, 21 AD2d 409; cf., Kadan v Volkswagen of Am., 129 AD2d 948).

Certainly, GM cannot be taxed for "spoliation of evidence" simply by reason of the fact that co-defendant Hertz disposed of the vehicle by sale two months after the accident and about eight months before this action was commenced in September 1986. GM has been as adversely affected by this circumstance as plaintiffs in the investigation of the proximate cause of the accident.

The IAS Court did not abuse its discretion in excusing GM's noncompliance with the time limits of CPLR 3122 (see, e.g.,

*Fogelson v Barst & Mukamal,* 192 AD2d 321), where GM's cross motion for a protective order was made only two months after the demands in issue were propounded, and plaintiffs' motion for sanctions was not made until after they had been ordered to appear for long-sought depositions. Presently unwilling or unable to identify any specific defect, plaintiffs may not, prior to their deposition, embark on a fishing expedition in the hope that "something might be caught" *(Auerbach v Bennett,* 47 NY2d 619, 636). Concur—Sullivan, J. P., Wallach, Rubin and Nardelli, JJ.