■ KRYSTINA MALISZEWSKA, Respondent, v POTAMKIN NEW YORK LP MITSUBISHI STERLING, Appellant, and LARRY REDDICK, Respondent. [723 NYS2d 16] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered February 29, 2000, which denied the motion of defendant Potamkin New York LP Mitsubishi Sterling (Potamkin) for summary judgment dismissing the complaint as against it pursuant to CPLR 3212 and 3126, unanimously affirmed, without costs. In this pedestrian knock-down personal injury action, Potamkin, a car dealership with a car service center, was properly denied summary judgment in light of triable issues as to whether it negligently serviced the vehicle involved in the accident and as to whether, if it did, such servicing was the proximate cause of the accident. Notably, the vehicle had a history of mechanical troubles and was in Potamkin's sole custody, undergoing repair, for three weeks prior to its return to Reddick the day before the accident.

That branch of Potamkin's motion seeking dismissal of the complaint for spoliation of evidence was properly denied where, notwithstanding plaintiff's diligence in commencing an action within two weeks of the accident, the co-defendant driver disposed of the offending vehicle before Potamkin had an opportunity to inspect the same. Plaintiff, who was prejudiced along with Potamkin by the vehicle's disposal, was in no way responsible for the complained of spoliation (*see, Calbi v General Motors Corp.*, 204 AD2d 148). Moreover, Potamkin, having serviced the vehicle in the weeks immediately preceding the accident, is presumably in possession of any records necessary to defend against the claim its transmission repairs were negligently performed. Concur—Sullivan, P. J., Tom, Mazzarelli, Ellerin and Friedman, JJ.