■ CHRISTOPHER MCMAHON et al., Respondents, v FORD MOTOR Co. et al., Appellants. [825 NYS2d 447]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 26, 2005, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiffs allege that Christopher McMahon was seriously injured in an accident on August 11, 1996 due to the failure of a seat belt in a vehicle manufactured by defendant Ford Motor Company and sold by defendant Metro Ford. In August 2004, defendants moved to dismiss the action based on spoliation and CPLR 3126.

Defendants' claims of "constructive spoliation" with respect to the maintenance records for the vehicle and Mr. McMahon's postaccident Albany Medical Center records are without merit. Plaintiffs have produced their copies of the requested records and should not be held responsible if the shops and hospital records are unavailable, as the records apparently have been discarded by these entities in the ordinary course of business without first consulting plaintiffs (*see Regalado v Independent Welding Supply Corp.*, 289 AD2d 124, 125 [2001]; *Maliszewska v Potamkin N.Y. LP Mitsubishi Sterling*, 281 AD2d 353 [2001]; *Calbi v General Motors Corp.*, 204 AD2d 148 [1994]).

In contrast, the insurance company that destroyed the vehicle involved in the accident apparently informed plaintiffs in advance of the planned destruction, and plaintiffs raised no objection. Plaintiffs should have known defendants would seek to inspect the vehicle (*see Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 175 [1997]) and should have taken steps to preserve it (*see Thornhill v A.B. Volvo*, 304 AD2d 651, 652 [2003]). Nevertheless, "dismissal would be too drastic a remedy where defendants are not entirely bereft of evidence tending to establish their position" (*Cohen Bros. Realty v Rosenberg Elec. Contrs.*, 265 AD2d 242, 244 [1999], *lv dismissed* 95 NY2d 791 [2000]). Defendants, as noted, are in possession of the repair and hospital records furnished by plaintiffs. Moreover, plaintiffs have narrowed their claim to one of defective seat belt buckle design, and prior to the vehicle's destruction, the seat belt buckle Mr. McMahon allegedly used at the time of the accident was removed from the vehicle in a documented procedure performed by an insurer, was preserved, and defendants have since inspected it. Plaintiffs, we note, have submitted an unrebutted expert affidavit explaining that the entire vehicle is not necessary to the defense of their claim, as narrowed.

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Nardelli and Sweeny, JJ.