■ EARLENE GRAHAM et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [839 NYS2d 738]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.),

entered on or about June 8, 2006, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiffs sustained injury during a fire in the Grahams' apartment alleged to have resulted from "defective, inadequate, insufficient and improper electrical wiring, improperly installed and repaired electrical outlets, smoke detectors and other fire safety devices, including but not limited to self closing doors." Plaintiffs assert that the fire originated in an electrical outlet in the vicinity of a sofa. Defendant contends that it was caused by careless smoking by James Jeter, who used the couch for sleeping. Without identifying any issue precluding summary judgment, Supreme Court denied defendant's motion, stating in conclusory fashion that "material issues of fact exist and should be resolved by a jury."

The Fire Department's investigation determined that "the fire originated in "an accumulation of paper products on the living room floor and then extended to the upholstery of the adjacent couch." The fire marshal further noted "numerous ash trays with copious quantities of butts found in several rooms," concluding, "Case status—closed—accidental fire." He found "no evidence to suggest that the ignition source for this fire was electrical in origin."

While the record indicates that plaintiffs had complained about nonfunctioning electrical outlets in the apartment, in the absence of evidence that the building's wiring contributed to the fire's origin, such complaints do not constitute notice of the defective condition that resulted in injury and are insufficient to defeat defendant's prima facie entitlement to summary judgment based on the Fire Department's analysis (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Indeed, plaintiffs' engineering expert agreed that the fire "did not involve any of the permanent apartment wiring in the wall." Likewise, plaintiffs' allegation that the self-closing mechanism did not fully close the apartment door is not pertinent in the absence of any indication that it was open at the time the fire started. In any event, responding firefighters found the door closed but unlocked, and plaintiffs failed to explain how the position of the door contributed to the origin of the blaze so as to render it a proximate cause of their injuries (cf. Schneider v Kings Highway Hosp. Ctr., 67 NY2d 743, 744 [1986] [causation must be supported by logical inferences drawn from the evidence]).

Defendant's records establish that it received no notice of ei-

ther the asserted defect in the front door or any defect in the apartment's smoke detector. A work order request shows that the smoke detector received maintenance six months prior to the fire and was marked "OK" at that time. Furthermore, various Fire Department reports indicate that a smoke detector was present at the time of the fire, and plaintiffs concede they never made any complaint to defendant concerning its operation. In the absence of supporting evidence, the opinion of plaintiffs' fire safety expert that faulty wiring together with the lack of a smoke detector and a functioning self-closing door contributed to plaintiffs' injuries is speculative (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Concur—Tom, J.P., Williams, Buckley, Gonzalez and Sweeny, JJ.