■ RICARDO PICHARDO, Appellant-Respondent, v URBAN RENAISSANCE COLLABORATION LIMITED PARTNERSHIP et al., Respondents-Appellants. [857 NYS2d 144]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered March 2, 2007, which denied the parties' respective motions for summary judgment, unanimously modified, on the law, plaintiff granted summary judgment as to liability on his common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6) claims, and otherwise affirmed, without costs.

Plaintiff established that violation of Labor Law § 240 (1) was a proximate cause of his accident. Defendants' argument that

failure to provide an appropriate safety device was either impracticable under the circumstances or would not have prevented the accident is unavailing (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]). However, the IAS court erroneously ruled that the testimony of the general contractor's president, Azziz, raised issues of fact as to how the accident happened. Azziz merely testified that he did not recall whether there was a hole in the floor for debris disposal, and "usually I don't let them make the hole." Defendants failed to set forth a conflicting theory with supporting evidentiary material, other than mere speculation as to how the accident occurred, sufficient to raise a triable issue of fact (*see Wasilewski v Museum of Modern Art*, 260 AD2d 271 [1999]). This is not a case where the mechanism by which a worker suffered injury is obtuse or subject to conflicting explanation. Plaintiff fell through a large hole in the floor that was several stories deep. In light of Azziz's testimony that he was on the site on a daily basis, his inability to remember a six-foot-wide hole that extended from the fifth floor through to the basement is simply incredible.

Summary judgment is also appropriate on the Labor Law § 241 (6) claim where, even though a defense of comparative negligence is raised, insufficient evidentiary proof is offered to raise a triable issue in response to the plaintiff's prima facie entitlement to judgment as a matter of law (*see Keena v Gucci Shops*, 300 AD2d 82, 83 [2002]). Again, Azziz's testimony that he was unaware of the disposal of debris through the six-foot-wide hole cut into the flooring by the employees of his own demolition subcontractor was insufficient to create a triable issue of fact.

There are no issues of fact as to the subcontractor's exercise of the requisite degree of control over the injury-producing work. Thus, in these circumstances, summary judgment should have been granted to plaintiff on the claims for Labor Law § 200 and for common-law negligence. Concur—Lippman, P.J., Mazzarelli, Sweeny, Moskowitz and Renwick, JJ.