■ LENA LEE ROBERTSON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [871 NYS2d 141]—

Judgment, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered August 28, 2007, dismissing the complaint, and bringing up for review an order, same court and Justice, entered July 19, 2007, which granted defendant's motion for summary judgment and denied plaintiff's cross motion to strike defendant's answer, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff sues for personal injuries suffered by decedent in a fire in an apartment leased from defendant. The fire marshal determined the fire originated in electrical cords on the floor. Plaintiff claimed the cause of the fire was an electrical short or faulty electrical system, and decedent's injuries were exacerbated by the absence of a working smoke detector and a defect in the front door that prevented her escape.

It is undisputed that defendant met its burden of proof on its motion for summary judgment. The fire marshal's report demonstrated the absence of a factual issue as to whether defendant's wiring was defective (*see e.g. Delgado v New York City Hous. Auth.*, 51 AD3d 570 [2008], *lv denied* 11 NY3d 706 [2008]). Defendant also discharged its duty to provide smoke detectors (*see* Administrative Code of City of NY § 27-2045 [a] [1]; *see Peyton v State of Newburgh, Inc.*, 14 AD3d 51 [2004], *lv denied* 5 NY3d 704 [2005]). As to the supposed defect in the front door, defendant demonstrated its entitlement to judgment with plaintiff's testimony that the door was not jammed closed, and that decedent could not open the locks because she panicked (*see Graham v New York City Hous. Auth.*, 42 AD3d 323 [2007], *lv denied* 9 NY3d 816 [2007]).

The evidence submitted by plaintiff in opposition to the motion failed to raise a question of fact as to whether the alleged defects in the electrical system caused the fire. Her expert's affidavit was unsupported by the evidence and was speculative. The expert did not identify a specific defect in the circuit breaker or internal wiring that could have caused the fire. Moreover, plaintiff did not present evidence contradicting defendant's proof that it had installed operational smoke detectors in the apartment. Nor did plaintiff provide evidence to support the suggestion that a defect in the front door had prevented decedent from exiting the apartment. Conclusory statements presuming the existence of a defect, unsupported by factual observations, are insufficient to warrant the denial of summary judgment (*see Delgado*, 51 AD3d at 571; *Graham*, 42 AD3d at 324; *Zvinys v Richfield Inv. Co.*, 25 AD3d 358, 359 [2006], *lv denied* 7 NY3d 706 [2006]).

Plaintiff also failed to meet her burden, on her cross motion to strike defendant's answer, of showing that the contents of the apartment were discarded in bad faith or that such disposal prejudiced her ability to prove her claims. There is no evidence that defendant acted in bad faith before it cleaned the apartment, which plaintiff had a prior opportunity to inspect. The record indicates that the cleaning was done after inspection by plaintiff's prospective counsel and in preparation for the

apartment's rehabitation. The focus of plaintiff's claim is that there was a defect in the circuit breakers or internal wiring, which, it is undisputed, remained unchanged and available for further inspection, undermining any claim of prejudice warranting the striking of the answer (*see McMahon v Ford Motor Co.*, 34 AD3d 263 [2006]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ.