Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 8, 2011, which, insofar as appealed from as limited by the briefs, denied defendants’ motion for summary judgment dismissing plaintiffs common-law negligence and Labor Law §§ 200, 240 (1) and 241 (6) claims, and denied plaintiffs cross motion for partial summary judgment on his sections 240 (1) and 241 (6) claims, unanimously modified, on the law, to grant so much of defendants’ motion as sought dismissal of plaintiffs common-law negligence and Labor Law § 200 claims, to grant plaintiffs cross motion as against defendant Mountco and the owner of the property, and to remand for a determination as to who the owner of the property was for purposes of liability under sections 240 (1) and 241 (6), and otherwise affirmed, without costs.
Plaintiff worked as a carpenter’s assistant in connection with the conversion of a hotel into a residential apartment building. Defendant Mountco was the general contractor. The “General Conditions” of Mountco’s contract with the owner provided that Mountco, as general contractor, “shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work under the Contract,” including “initiating, maintaining and supervising all safety precautions and programs in connection with the performance of the Contract.” Further, Mountco’s superintendent conceded that he had the authority to stop work if he observed any unsafe condition. Mountco’s contract identified defendant Cornerstone as the “owner.” However, the deed to the property identified defendant Safe Harbors as the owner.
*447 The accident occurred on the third story of the building. Plaintiff was walking towards a window through which insulation was being delivered, when he stepped on an eight-by-four-foot section of three-quarter-inch-thick plywood, which unexpectedly “flipped up.” The sheet of plywood had been covering an opening in the floor. Plaintiff fell through the hole, which to that point had been concealed, 10 or 12 feet to the story below.
Mountco’s superintendent testified that on the morning of the accident, he had walked through the area where plaintiff later fell, and had observed the sheet of plywood covering the hole. According to the superintendent, the hole had been made to facilitate the passage of debris and materials from one floor to another. However, he stated that when he saw it that morning, the plywood was nailed down and had the word “Hole” written on it in orange spray paint. He further testified that he had been “advised” that plaintiff himself had removed the protective plywood from the opening before his fall.
Plaintiff asserted claims against all of the defendants for common-law negligence and for violations of Labor Law §§ 200, 240 (1) and 241 (6). Plaintiff filed a note of issue on October 19, 2010. By notice dated November 24, 2010, defendants moved for summary judgment dismissing the complaint in its entirety. They argued that they could not be held liable under Labor Law § 200, or under a theory of common-law negligence, because they did not direct, control, or supervise the work that plaintiff was doing at the time of his accident, and did not have notice of the dangerous condition. Defendants further argued that plaintiff had not pointed to any regulatory violations sufficient to support a cause of action under section 241 (6). As for the Labor Law § 240 (1) claim, defendants contended that plaintiffs fall through an opening in a level floor was not an elevation related accident. They further contended that plaintiff himself removed the plywood covering the opening, rendering him the sole proximate cause of his accident. Finally, defendant Safe Harbors asserted that it was not an owner, contractor, or owner’s agent, and so could not be held liable under section 240 (D.
By notice dated February 5, 2011, plaintiff opposed defendants’ motion and cross-moved for summary judgment on the issue of defendants’ liability under Labor Law §§ 240 (1) and 241 (6). In opposition to defendants’ motion, plaintiff argued that issues of fact existed as to whether Mountco exercised supervisory control over his work and had notice of the dangerous condition that caused his accident, warranting denial of summary judgment on his negligence and Labor Law § 200 claims. Plaintiff *448 asserted that Mountco’s contractual authority to oversee safety gave it the requisite degree of supervision necessary for imposing liability on it. In support of summary judgment on his section 240 (1) claim, plaintiff asserted that the “uncompleted” and “temporary” nature of the area of the floor through which he fell rendered it the functional equivalent of a scaffold, and that the unprotected opening constituted a violation of the statute. Plaintiff further contended there was no view of the evidence that would support a finding that he caused his own accident by removing the protective plywood.
Plaintiff claimed that defendants had violated several provisions of part 23 of the Industrial Code (12 NYCRR), including requirements that “hazardous openings” “shall be guarded by a substantial cover fastened in place or by a safety railing” (12 NYCRR 23-1.7 [b] [1] [i]) or by a railing with a swinging gate (id. § 23-1.7 [b] [1] [ii]). Plaintiff argued that these violations warranted partial summary judgment in his favor on his claim under Labor Law § 241 (6).
In reply, defendants asserted that plaintiffs cross motion for summary judgment should be denied because it was made after the motion court’s deadline for dispositive motions.* Supreme Court denied defendants’ motion for summary judgment dismissing the complaint and denied plaintiffs cross motion for partial summary judgment. The court held that issues of fact existed as to whether defendants exercised control over the work site and had actual or constructive notice of the dangerous condition that caused plaintiff’s injuries, so that Labor Law § 200 liability could not be decided as a matter of law. As to plaintiffs claim under Labor Law § 240 (1), the court held that issues of fact existed as to whether the floor opening was properly secured and whether defendants were on notice of the hazard and had time to take, or did take, any preventive measures. As to plaintiffs claim under Labor Law § 241 (6), the court found that the Industrial Code sections relied upon were applicable, but that issues of fact as to how the accident happened precluded a finding that the provisions were violated as a matter of law. The court also held that evidence existed to suggest that both Cornerstone and Safe Harbors were “owners” of the building, but that there was insufficient proof to determine the issue as a matter of law.
Initially, we find that plaintiffs cross motion for summary judgment was timely. “A cross motion for summary judgment *449 made after the expiration of the [deadline for mating dispositive motions] may be considered by the court, even in the absence of good cause, where a timely motion for summary judgment was made seeking relief ‘nearly identical’ to that sought by the cross motion” (Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281 [1st Dept 2006]). Here, defendants timely moved for summary judgment dismissing, among other claims, plaintiff’s claims under sections 240 (1) and 241 (6). Supreme Court therefore properly considered plaintiffs mirror-image cross motion for partial summary judgment on his claims under those sections.
Where, as here, a construction accident arises out of the means and methods of the work, as opposed to a dangerous condition on the site, liability under Labor Law § 200 or for common-law negligence may be imposed where the defendant “exercised control or supervision over the work and had actual or constructive notice of the purportedly unsafe condition” (Singh v Black Diamonds LLC, 24 AD3d 138, 140 [1st Dept 2005]). However, the mere fact that a general contractor “had overall responsibility for the safety of the work done by the subcontractors” is insufficient to demonstrate that it had the requisite degree of control and that it actually exercised that control (see O’Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 226 [1st Dept 2006], affd 7 NY3d 805 [2006]). Here, plaintiff testified that he worked under the direction of his own employer’s foreman, was not supervised by anyone else, and did not know who owned the building. While Mountco may have been responsible for ensuring that work was proceeding according to schedule, and its superintendent regularly inspected the work site for that purpose and had the authority to stop any work he observed to be unsafe, that general level of supervision is not enough to warrant holding it liable for plaintiffs injuries (see Burkoski v Structure Tone, Inc., 40 AD3d 378, 381 [1st Dept 2007]). Since no evidence in this record establishes that either Cornerstone or Safe Harbors had any supervisory role in the construction at issue, they too are entitled to summary judgment dismissing plaintiffs Labor Law § 200 and common-law negligence claims as against them.
Plaintiffs Labor Law § 240 (1) claim does not depend on a finding that defendants were in control of the work site. All that plaintiff was required to establish was that defendants breached their nondelegable duty to furnish or erect, or cause to be furnished or erected, safety devices in a manner that gave him proper protection from gravity-related risks (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 559 [1993]). Here, the gravity- *450 related risk was a sizable hole in the floor that had been made specifically to aid in the construction project. We have repeatedly held that section 240 (1) is violated when workers fall through unprotected floor openings (see e.g. Burke v Hilton Resorts Corp., 85 AD3d 419 [1st Dept 2011]; Pichardo v Urban Renaissance Collaboration Ltd. Partnership, 51 AD3d 472 [1st Dept 2008]; O’Connor v Lincoln Metrocenter Partners, 266 AD2d 60 [1st Dept 1999]; Carpio v Tishman Constr. Corp. of N.Y., 240 AD2d 234 [1st Dept 1997]). Plaintiff established a prima facie violation of the statute by showing that the plywood cover on the hole was an inadequate safety device because it was not secured at the time of the accident.
Defendants failed to create an issue of fact as to the adequacy of the unsecured plywood cover. The Mountco supervisor’s testimony that the cover was fastened by nails a short while before the accident is irrelevant because liability under section 240 (1) is not dependent on a finding that the owner or general contractor had notice of the violation (see Lombardi v Stout, 80 NY2d 290, 295 [1992]). Further, they failed to create an issue of fact as to whether plaintiff was the sole proximate cause of the accident. The only evidence presented to support this theory was the Mountco supervisor’s hearsay testimony that a worker whom he did not identify “advised” him of this fact. In the absence of any additional, nonhearsay evidence on this point, plaintiff is entitled to judgment as a matter of law (see Briggs v 2244 Morris L.P., 30 AD3d 216 [1st Dept 2006]). However, it is impossible on this record to determine who the owner of the property was for liability purposes. Accordingly, which of the “owners” plaintiff is entitled to judgment against is subject to further proceedings below.
Like his Labor Law § 240 (1) claim, plaintiff’s Labor Law § 241 (6) claim is not dependent on the degree of control over his work that defendants exercised (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998]). Rather, it is dependent on the application of a specific Industrial Code provision and a finding that the violation of the provision was a result of negligence (id. at 349-350). The Code provisions on which plaintiff relies (12 NYCRR 23-1.7 [b] [1] [i], [ii]; 23-3.3 ¡j] [2] [i]) are sufficiently specific. Section 23-1.7 (b) (1) (i), which requires that “[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing,” was violated because the hole into which plaintiff fell was dangerous and unguarded. Since the opening was being actively used in connection with the construction, section 23-1.7 (b) (1) (ii) was violated because that section *451 requires “a barrier or safety railing . . . [to] guard [the] opening.” Defendants contend that both of these sections are inapplicable because the hole was less than 15 feet deep. However, plaintiff does not rely on section 23-1.7 (b) (1) (iii) (a), which contains the 15-foot minimum depth requirement. Nor could he because that section only applies where a worker was “required to work close to the edge of [the] opening” (id.).
Plaintiff established that defendants violated Industrial Code § 23-3.3 (j) (2) (i), which provides that “[e]very opening used for the removal of debris or materials . . . shall be provided with an enclosure.” The Mountco superintendent stated at his deposition that the hole into which plaintiff fell was used for that exact purpose. We disagree with defendants’ theory that a construction project must be at the actual demolition phase in order for this section to apply.
Finally, because the removal of the covering, which created a significant falling hazard, was unquestionably negligent, and there is no evidence of plaintiffs complicity in the removal, section 241 (6) was violated as a matter of law (see Rizzuto, 91 NY2d at 349-350). Again, because we cannot determine on this record which entity or entities bear responsibility as “owner,” further proceedings are necessary to develop the record on that issue. Concur — Gonzalez, EJ., Mazzarelli, Acosta and Román, JJ.

 It is unclear how many days after the note of issue was filed dispositive motions were due. Plaintiff, however, does not dispute that his cross motion was filed beyond the ordered date.