Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 13, 2012, which granted plaintiffs motion for summary judgment on the issue of liability under Labor Law § 240 (1), and denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiffs motion for partial summary judgment on his Labor Law § 240 (1) claim was properly granted. Plaintiff established prima facie entitlement to judgment as a matter of law through *485 testimony that when the unsecured ladder on which he was working suddenly moved, he fell, causing him to sustain injury (see Betancur v Lincoln Ctr. for the Performing Arts, Inc., 101 AD3d 429 [1st Dept 2012]; Krejbich v Schimenti Constr. Co., Inc., 94 AD3d 668 [1st Dept 2012]). He was not required to present further evidence that the ladder was defective (see Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 290-291 [1st Dept 2002]).
Defendants failed to raise a triable issue of fact by presenting conflicting evidence with regard to whether the A-frame ladder was 6 or 10 feet and whether it was made of wood or fiberglass, since the statute was violated under either description (see Lipari v AT Spring, LLC, 92 AD3d 502, 504 [1st Dept 2012]). Defendants’ argument that plaintiff was the sole proximate cause of his accident because he chose a ladder too short for the work he was performing is speculative and thus, fails to raise an issue of fact (see Pichardo v Urban Renaissance Collaboration Ltd. Partnership, 51 AD3d 472, 473 [1st Dept 2008]).
In light of the grant of plaintiffs motion for partial summary judgment on liability, defendants’ arguments regarding plaintiffs claims for common-law negligence and Labor Law §§ 200 and 241 (6) are academic (see Carchipulla v 6661 Broadway Partners, LLC, 95 AD3d 573 [1st Dept 2012]). Concur—Friedman, J.E, Richter, Feinman, Gische and Clark, JJ. [Prior Case History: 2012 NY Slip Op 32129(U).]