Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered January 3, 2013, which denied defendants’ motion pursuant to CELR 3126 for spoliation sanctions, unanimously affirmed, without costs.
On January 26, 2009, plaintiff commenced this action seeking damages for injuries sustained on September 5, 2008, when, while riding a bicycle, he was struck when the door of defendants’ double-parked truck opened as he was riding by it. On July 6, 2010, plaintiff testified that the bicycle was being stored at a friend’s house. On February 6, 2012, defendants, for the first time, sought an opportunity to inspect the bicycle. However, the bicycle was no longer available because, according to plaintiff, his friend had disposed of the bicycle.
The court did not improvidently exercise its discretion in denying the motion. Defendants failed to show that the bicycle was disposed of in bad faith or that they were thereby prejudiced in the ability to defend the action (see Robertson v New York City Hous. Auth., 58 AD3d 535, 536 [1st Dept 2009]). Defendants cite no testimony or provide any evidence to support their contention that the bicycle, by virtue of its involvement in the accident, constituted key evidence. While the destruction of evidence may diminish a party’s ability to prove the relevancy of, and need for, the destroyed evidence (see Sage Realty Corp. v Proskauer Rose, 275 AD2d 11, 17 [1st Dept 2000], lv dismissed 96 NY2d 937 [2001]), that is not the case here since there is no suggestion that the condition of the bicycle caused or contributed to the accident. Furthermore, defendants’ claim as to the importance of the bicycle is undercut by their unexplained delay *622 in seeking its production. Concur — Mazzarelli, J.P, Acosta, Renwick, Freedman and Manzanet-Daniels, JJ.