Mirdita v Musovic Realty Corp. (2019 NY Slip Op 03284)





Mirdita v Musovic Realty Corp.


2019 NY Slip Op 03284


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9131 21759/15E

[*1]Roza Mirdita, Plaintiff-Respondent,
v
Musovic Realty Corp., et al., Defendants-Appellants, Super Laundry Equipment Corp., et al., Defendants. 
[And a Third-Party Action]


Mauro Lilling Naparty LLP, Woodbury (Melissa A. Danowski of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York (Stephen Jacobson of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered September 13, 2018, which denied the motion of defendants Musovic Realty Corp. and AAA Realty & Management, Inc. (defendants) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established entitlement to judgment as a matter of law by submitting the fire marshal's deposition testimony and his report. The report established that the fire marshal conducted an investigation at the subject premises and concluded that the fire in defendants' building was caused by combustible clothing left in a dryer for too long, rather than any defect in the premises or dryer (see Robertson v New York City Hous. Auth., 58 AD3d 535, 536 [1st Dept 2009]; Delgado v New York City Hous. Auth., 51 AD3d 570, 571 [1st Dept 2008] lv denied 11 NY3d 706 [2008]). Although the fire marshal did not have an independent recollection of his investigation, his report was admissible under the business record exception to the hearsay rule, and was sufficient to satisfy defendants' prima facie burden, since it noted that he independently inspected the premises and concluded that the accident was not due to defendants' negligence (see Graham v New York City Hous. Auth., 42 AD3d 323, 324 [1st Dept 2007], lv denied 9 NY3d 816 [2007]).
In opposition, plaintiff failed to raise a triable issue of fact. Her expert failed to address the theories of liability raised in the complaint and bill of particulars and failed to rebut defendants' showing. Instead, plaintiff's expert raised a new theory, namely that plaintiff's injuries from smoke inhalation were caused by the absence of a self-closing door in the laundry room where the fire occurred, which caused smoke to permeate into plaintiff's apartment. A plaintiff cannot defeat a summary judgment motion by asserting a new theory of liability for the first time in opposition papers (see Keilany B. v City of New York, 122 AD3d 424, 425 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK