Mortgage Stanley Private Bank, N.A. v Ceccarelli (2022 NY Slip Op 06324)

Mortgage Stanley Private Bank, N.A. v Ceccarelli

2022 NY Slip Op 06324

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 850018/17 Appeal No. 16627 Case No. 2021-04118 

[*1]Mortgage Stanley Private Bank, National Association, Plaintiff-Respondent,
v
Joseph J. Ceccarelli, III Also Known as Joseph J. Ceccarelli, et al., Defendants-Appellants, Board Managers of the Future Condominium, et al., Defendants.

Ceccarelli Law Firm PLLC, New York (Joseph J. Ceccarelli of counsel), for appellants.
Logs Legal Group LLP, Rochester (Austin T. Shufelt of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered April 29, 2021, which granted plaintiff's motion for a final judgment of foreclosure and sale, and denied defendants' cross motion for a stay of plaintiff's motion for final judgment and motion for summary judgment dismissing the complaint for lack of standing, unanimously affirmed, without costs.
While the motion court might have been bound by the doctrine of law of the case, the doctrine "cannot bind an appellate court to a trial court ruling" (Matter of Part 60 RMBS Put-Back Litig., 195 AD3d 40, 48 [1st Dept 2021]). Nevertheless, the court correctly granted plaintiff's motion for summary judgment and denied defendants' request for discovery concerning plaintiff's standing, as defendants failed to provide an evidentiary basis for their request.
Where standing is an issue in a foreclosure action, a plaintiff may establish standing "either by showing assignment of the mortgage note or physical delivery of the note prior to the commencement of the foreclosure action" (Bank of N.Y. Mellon v Knowles, 151 AD3d 596, 596-597 [1st Dept 2017] [internal quotation marks omitted]). "[I]f the note is affixed to the summons and complaint at the time the action is commenced, it is unnecessary to give factual details of the delivery to establish that possession was obtained prior to a particular date" (id. at 597). In addition, "[a] grant of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (Bailey v New York City Tr. Auth., 270 AD2d 156, 157 [1st Dept 2000]).
Here, plaintiff attached to the summons and complaint copies of the consolidated note and associated mortgage, as well as a copy of the relevant assignment, and thus established its standing to maintain this action. Defendants contend that statements in a letter from MS Home Loans and those made by plaintiff's employees suggest that plaintiff had assigned the note forming the basis for its foreclosure to third-party investors before it commenced the action. However, those statements do not indicate that plaintiff was not the holder of the note at the time the action was commenced and, thus, are irrelevant to plaintiff's standing (see Bank of N.Y. Mellon, 151 AD3d at 596-597; Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 677 [2d Dept 2014] [the plaintiff's assignment of note after filing of complaint was irrelevant to the plaintiff's standing]).
We have considered defendants' remaining contentions and find them unavailing. M - Mortgage Stanley Private Bank, N.A. v Ceccarelli, et al. Motion for a stay of the foreclosure sale scheduled for December 7, 2022, denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022