U.S. Bank Trust, N.A. v Chung (2023 NY Slip Op 02292)

U.S. Bank Trust, N.A. v Chung

2023 NY Slip Op 02292

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Index No. 380217/14E Appeal No. 119-120-121 Case No. 2022-02869, 2022-02870, 2022-02871 

[*1]U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, Plaintiff-Respondent,
v
Wendell Chung Also Known as Wendell D. Chung, Defendant-Appellant, Citibank, N.A., et al., Defendants. 

Russo & Gould LLP, New York (Daniel M. Schiavetta, Jr. of counsel), for appellant.
Stern & Eisenberg, P.C., Lagrangeville (Arsenio Rodriguez of counsel), for respondent.

Order and judgment (one paper), Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered July 12, 2019, which granted plaintiff's motion for a judgment of foreclosure and sale and confirmed the Referee's report, and bringing up for review an order, same court and Justice, entered on or about July 10, 2019, which denied defendant Wendell Chung's (defendant) motion to vacate an order, same court (Kenneth L. Thompson, Jr., J.), entered on or about August 10, 2017, which granted plaintiff's motion for summary judgment on its foreclosure cause of action without opposition, unanimously affirmed, without costs.
In July 2003, defendant executed a note in the sum of $270,000, in favor of Midway Mortgage Co. The note was secured by a mortgage on residential property in the Bronx. The note and mortgage were then assigned to Countrywide Home Loans, Inc., by assignment dated July 8, 2003 and recorded on February 9, 2004. On August 4, 2008, Countrywide, as the alleged prior assignee of the note and mortgage, commenced an action against defendant to foreclose the mortgage (2008 action), wherein it alleged that as of April 1, 2008, defendant was in default and, as a result, declared acceleration of the debt. On March 11, 2013, Countrywide voluntarily discontinued the 2008 action.
In 2013, the mortgage was assigned to Green Tree Servicing LLC from Bank of America, N.A. via assignment dated June 18, 2013 and recorded on July 10, 2013. On May 15, 2014, Green Tree, as plaintiff, commenced this action to foreclose the mortgage. The complaint alleged that plaintiff is in possession of the note with a proper allonge or assignment, and annexed copies of the note, together with the mortgage and any assignments or modifications. The complaint alleged that, as of February 1, 2009, defendant was in default, that the 2008 action had been commenced on August 4, 2008 and discontinued, and that the debt was accelerated.
Defendant interposed an answer asserting various defenses, including that plaintiff lacked standing to commence this action and that this action was barred by the statute of limitations. In April 2017, plaintiff moved for summary judgment, which the motion court granted without opposition, and appointed a Referee to compute the amount due plaintiff. In January 2019, plaintiff moved to confirm the Referee's report and for a judgment of foreclosure and sale. Defendant moved to vacate his default in opposing plaintiff's motion for summary judgment.
In denying defendant's motion to vacate, the court correctly determined that he failed to establish that plaintiff lacked standing to commence the action (see Mortgage Stanley Private Bank, N.A. v Ceccarelli, 210 AD3d 478, 479 [1st Dept 2022]). The note was attached to the complaint as an exhibit and, since the note was endorsed in blank, plaintiff, as its possessor, has the legal right to enforce it (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 6 [1st Dept 2017]). Furthermore, in support of plaintiff's motion for [*2]summary judgment, plaintiff's representative averred that plaintiff has physical possession of the note and had taken delivery prior to the commencement of the action (see Mortgage Stanley Private Bank, N.A. v Ceccarelli, 210 AD3d at 479).
As for the statute of limitations issue, defendant failed to establish the merit of his defense that the six-year limitations period expired (see Citimortgage, Inc. v Dalal, 187 AD3d 567, 567-568 [1st Dept 2020]). The record demonstrates that Countrywide, plaintiff's predecessor-in-interest, accelerated the underlying debt through the filing of the 2008 action on August 4, 2008, which was less than six years prior to the filing of the instant action on May 15, 2014. Accordingly, regardless of whether the debt was de-accelerated by the voluntary discontinuance of the 2008 action, this action was timely commenced.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023