Broome Lender LLC v Empire Broome LLC (2023 NY Slip Op 05461)

Broome Lender LLC v Empire Broome LLC

2023 NY Slip Op 05461

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Index No. 850198/21 Appeal No. 933 Case No. 2022-05190 

[*1]Broome Lender LLC et al., Plaintiffs-Appellants,
v
Empire Broome LLC et al., Defendants-Respondents, New York City Department of Finance et al., Defendants.

Rosenberg & Estis, P.C., New York (Howard W. Kingsley of counsel), for appellants.
A.Y. Strauss LLC, New York (David S. Salhanick of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered October 12, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the cause of action for foreclosure and dismissing the second and third affirmative defenses and counterclaims, unanimously modified, on the law, to grant the motion to the extent it seeks summary judgment on the foreclosure cause of action and dismissing the third affirmative defense of lack of standing, and otherwise affirmed, without costs.
A plaintiff establishes its prima facie entitlement to judgment as a matter of law in a foreclosure action by providing evidence of the note and mortgage and proof of defendant's default (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 6 [1st Dept 2017]). Here, defendants admitted in their answer that defendant Empire Broome LLC (Empire) executed the relevant note and mortgage modification agreement, both dated February 29, 2016, and entered into loan modifications in 2020 with plaintiff Bixby's predecessor in interest, nonparty Sterling National Bank.
Plaintiffs also established Empire's default by furnishing a hardship declaration filed by Empire in court averring under penalty of perjury that it was "unable to pay the mortgage in full," which constitutes a party admission that Empire was in default (see Berkshire Bank v Fawer, 187 AD3d 535 [1st Dept 2020]; see also CPLR 4549). In addition, plaintiffs furnished the affidavit of their agent, who set forth that his personal knowledge of Empire's default and continuing failure to cure the default was based on his review of plaintiffs' records maintained in the ordinary course of business (see Brannon, 156 AD3d at 8; JP Morgan Chase Bank, N.A. v Shapiro, 104 AD3d 411, 412 [1st Dept 2013]).
Plaintiffs also adequately established Bixby's standing by virtue of the assignment from Sterling to Bixby through a notarized assignment from Sterling to Bixby. Although the assignment did not include a legal description of the property, it adequately identified the February 29, 2016 mortgage consolidation, extension and modification agreement being assigned by specifying the agreement's CRFN number. Accordingly, plaintiffs were not required to establish standing through physical delivery of the note prior to the action's commencement or through the allonges purportedly annexed to the note (see Mortgage Stanley Private Bank, N.A. v Ceccarelli, 210 AD3d 478, 479 [1st Dept 2022]).
The court properly denied the portion of the motion seeking to dismiss the second affirmative defense and the counterclaims, all related to whether defendant guarantors were discharged from their obligations once the debt service coverage ratio exceeded 1.40 to 1.00, as questions of fact remain.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023