5AIF Sycamore 2, LLC v 201 EB Dev. III (2024 NY Slip Op 00257)

5AIF Sycamore 2, LLC v 201 EB Dev. III

2024 NY Slip Op 00257

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 850190/21 Appeal No. 1489 Case No. 2023-00472 

[*1]5AIF Sycamore 2, LLC , Plaintiff-Appellant,
v
201 EB Development III et al., Defendants-Respondents, New York State Department of Taxation and Finance et al., Defendants.

Vallely Law PLLC, Syosset (Erick R. Vallely of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Jake W. Bedor of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, J.), entered December 23, 2022, which denied plaintiff's motion for summary judgment and for an order of reference and denied dismissal of defendants' second affirmative defense, based on the failure to establish standing, unanimously affirmed, with costs.
Plaintiff failed to demonstrate, as a matter of law, that it had standing to foreclose (JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954 [2020]). To establish standing, plaintiff must prove that it is the holder or assignee of the underlying note at the time the action is commenced (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]). "Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note" (U.S. Bank N.A. v Moulton, 179 AD3d 734, 737 [2d Dept 2020]).
Furthermore, the allonges at issue did not establish plaintiff's standing as the holder of note 1 and note 2 (see 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp., 218 AD3d 417, 418 [1st Dept 2023]; One Westbank FSB v Rodriguez, 161 AD3d 715, 716 [1st Dept 2018]; HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985 [2d Dept 2015]). The allonges at issue in this appeal did reference the same loan number as the note itself; however, since the allonges were undated and showed no evidence of having been securely attached, there are issues of fact as to plaintiff's status. Plaintiff's attempt to cure these defects with a reply affidavit was correctly rejected by the court as the affidavit was not intended to clarify an issue raised for the first time in opposition but sought to correct a defect in plaintiff's prima facie case (see Blackstock v Accede Inc., 194 AD3d 476, 477 [1st Dept 2021]).
Plaintiff asserts that Supreme Court erred by ignoring its alternative argument that it established standing based on "the dated, written notarized assignments of Note and Mortgage." We reject this argument for two reasons. First, plaintiff did not make this argument to the motion court. Second, the string of assignments that ended in the assignment to plaintiff do not show, as a matter of law, assignment of the notes at issue to plaintiff. In particular, some of the earlier assignments in the chain included a paragraph 5 confirming the assignment of the note together with the mortgage, but that paragraph does not appear in the assignment to plaintiff. For that reason, this case is not governed by our decision in Broome Lender LLC v Empire Broome LLC (220 AD3d 611, 612 [1st Dept 2023]). Broome Lender made clear, by citing to Mortgage Stanley Private Bank, N.A. v Ceccarelli (210 AD3d 478, 479 [1st Dept 2022]), that a foreclosure plaintiff, in order to establish standing, must have an assignment [*2]of the note in order to be relieved of the obligation to prove that, prior to commencement, it had physical possession of a note which is either endorsed in blank, endorsed to plaintiff, or has properly affixed allonges. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024