Linares v Massachussetts Mut. Life Ins. Co. (2024 NY Slip Op 01609)

Linares v Massachussetts Mut. Life Ins. Co.

2024 NY Slip Op 01609

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 150159/18 Appeal No. 1895 Case No. 2023-02518 

[*1]Jose Linares, Plaintiff-Respondent,
v
Massachussetts Mutual Life Insurance Company et al., Defendants-Appellants, Roseland Management Company, L.L.C., Defendant.
Capital Builders Group, Inc., Third-Party Plaintiff-Appellant,
v
Tolmac Contracting Inc., Third-Party Defendant-Appellant.
Massachussetts Mutual Life Insurance Company, Second Third-Party Plaintiff,
v
Tolmac Contracting Inc., Second Third-Party Defendant-Appellant.

O'Connor Redd Orlando LLP, Port Chester (Joseph A. Orlando of counsel), for Massachussetts Mutual Life Insurance Company and Capital Builders Group, Inc., appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York (Marla Miller Ostrover of counsel), for Tolmac Contracting Inc., appellant.
Oresky & Associates, PLLC, Bronx (Michael Cassell of counsel), for respondent.

Order, Supreme Court, New York County (James E. D'Auguste, J.), entered on or about May 12, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim against defendants Massachusetts Mutual Life Insurance Company (MMLI) and Capital Builders Group, Inc. (collectively, MMLI/Capital) and denied MMLI/Capital's motion for summary judgment dismissing the Labor Law § 200 and common law negligence claims and denied third-party defendant/second third-party defendant Tolmac Contracting Inc.'s (Tolmac) motion for summary judgment dismissing all claims, unanimously modified, on the law to grant summary judgment dismissing the Labor Law §§ 200, 241(6) and common law negligence claims and otherwise affirmed, without costs.
Defendants MMLI/Capital, as property owner and general contractor, hired subcontractor Tolmac to do sheetrock, taping, and compound work in residential apartments that were under renovation in MMLI's building. Plaintiff, a Tolmac employee, was injured when he fell from the top of stacked, empty compound buckets that he was standing upon in order to perform taping and compound work in the upper areas of an apartment unit's walls.
Plaintiff established prima facie that MMLI/Capital violated Labor Law § 240(1) by not providing him with an adequate safety device (i.e., a ladder) to perform his work (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]). Plaintiff testified that there were no ladders available in Tolmac's shanty on the date he was injured, that his Tolmac foreman observed him working from atop the stacked buckets and instructed him to continue working until he returned with a ladder, but that the foreman never returned with a ladder, and plaintiff subsequently fell while working atop the stacked buckets. In opposition, defendants submitted the testimony of the Tolmac foreman and its president who asserted there were ladders available in Tolmac's shanty within the building (an unoccupied apartment), that Tolmac's regular morning meeting of workers was held in the shanty, that Tolmac workers were instructed to use the ladders, and that ladders were always readily available in the building, just several floors away from the apartments where plaintiff was assigned to work.
Defendants failed to raise a triable issue as to whether plaintiff, for no good reason, choose not to retrieve an available ladder. Plaintiff testified that he looked for an available ladder but could not find one, and that prior to his accident he had twice asked his Tolmac foreman for a ladder and the foreman assured plaintiff he would bring him one, but he never did (see Ritzer v 6 E. 43rd St. Corp., 57 AD3d 412, 412 [1st Dept 2008]; Gallagher, 14 NY3d at 88). That the foreman testified that he could not recall such a conversation fails to raise a triable issue as to whether plaintiff in fact made such a request to the foreman (see Fay v New York City Tr. Auth., [*2]149 AD3d 593, 594 [1st Dept 2017]; Osario v NYSandy4NBP19 LLC, 220 AD3d 541, 542 [1st Dept 2023]; Pichardo v Urban Renaissance Collaboration Ltd. Partnership, 51 AD3d 472, 473 [1st Dept 2008]). Defendants' deposition witnesses, including Tolmac's foreman, failed to offer testimony that would rebut plaintiff's testimony, and, as such, any failure on the part of plaintiff to obtain a ladder was as much due to an omission by Tolmac's foreman as any failure on plaintiff's part to track down an available ladder. Thus, plaintiff's conduct in not retrieving a ladder himself was not the sole proximate cause of the accident.
However, Supreme Court should have dismissed plaintiff's common law negligence and Labor Law § 200 claims as abandoned against MMLI/Capital and Tolmac because plaintiff expressly opted not to oppose their dismissal on summary judgment (see Sancino v Metropolitan Transp. Auth., 184 AD3d 534, 535 [1st Dept 2020]). Further, plaintiff abandoned his Labor Law § 241(6) claim as against MMLI/Capital by failing to address MMLI/Capital's arguments on appeal (see e.g. Leveron v Prana Growth Fund I, L.P., 181 AD3d 449, 450 [1st Dept 2020]). Upon a search of the record, the Labor Law § 241(6) claim should also be dismissed as to Tolmac because Industrial Code 12 NYCRR § 23-1.7(f) is inapplicable to the facts of this case (see Miranda v NYC Partnership Hous. Dev. Fund Co., Inc., 122 AD3d 445, 446 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024