2 Cap Invs., LLC v Frog Invs., LLC (2025 NY Slip Op 03525)

2 Cap Invs., LLC v Frog Invs., LLC

2025 NY Slip Op 03525

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Index No. 850074/22|Appeal No. 4548|Case No. 2024-05290|

[*1]2 Cap Investments, LLC, Plaintiff-Respondent,
v
Frog Investments, LLC, et al., Defendants-Appellants, Board of Managers of the One Morningside Park Condominium et al., Defendants.

Mark S. Friedlander, New York, for appellants.
Underweiser & Underweiser LLP, White Plains (Jeffrey B. Underweiser of counsel), for respondent.

Judgment, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about July 31, 2024, granting plaintiff's motion for a judgment of foreclosure and sale, and bringing up for review an order, same court and Justice, entered on or about March 4, 2024, to the extent it granted plaintiff's motion for summary judgment and dismissed defendants' first and second affirmative defenses of lack of standing, unanimously affirmed, with costs.
Plaintiff established its prima facie entitlement to summary judgment by submitting evidence of the mortgage, unpaid note, defendants' default, and plaintiff's standing (see Mortgage Stanley Private Bank, N.A. v Ceccarelli, 210 AD3d 478, 479 [1st Dept 2022]; U.S. Bank N.A. v James, 180 AD3d 594, 594 [1st Dept 2020]). Plaintiff's affiant, Christopher Capuano, attested that he was personally familiar with plaintiff's procedures for creating and maintaining its business records and that those records were made at or near the time of the events recorded. He also attested that the records from prior holders were incorporated into plaintiff's own records and that plaintiff routinely relied on those records in its dealings. Those statements sufficed to admit the records annexed to Capuano's affidavit, including the consolidated note and consolidated mortgage (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]).
Plaintiff established its standing by submitting an assignment, dated December 7, 2020, whereby the prior holders assigned the consolidated mortgage, "together with the note or obligation described in said mortgage," to plaintiff (see Ceccarelli, 210 AD3d at 479). Plaintiff did not commence this action until March 2022, well after the assignment of the mortgage.
An affidavit from defendant Violy McCausland concerning the signature page on the consolidated note did not raise issues of fact. McCausland conceded that her various mortgages were consolidated into a single $1.8 million mortgage as represented in the consolidated note and the consolidated mortgage, both dated August 30, 2019. She also conceded that she executed an amendment to the consolidated note on or about October 1, 2020. That notarized amendment, which McCausland executed on behalf of defendant Frog Investments, LLC, was between Frog Investments and plaintiff, referred to the consolidated note, and specifically stated that the note's prior holders assigned the consolidated note to plaintiff. McCausland did not unequivocally state that the signature page did not comport with the one she remembered signing. Instead, she recalled that two prior holders, Gulf Coast Capital Solutions, LLC and LSR Funding, LLC, drafted the preceding pages. This comports with Capuano's statement that those prior holders assigned the loan to plaintiff, and that in October and November 2020 plaintiff and McCausland were in communication regarding the loan and McCausland signed documents associated with the loan, including the consolidated note, and [*2]sent the signatures back to plaintiff (see e.g. Robertson v New York City Hous. Auth., 58 AD3d 535, 536 [1st Dept 2009]). McCausland's statement that she did not recall what the signature page was for similarly did not suffice to raise a question of fact, as she did not deny that the page was associated with the consolidated note (see e.g. Pichardo v Urban Renaissance Collaboration Ltd. Partnership, 51 AD3d 472, 473 [1st Dept 2008]).
Supreme Court providently exercised it discretion in entertaining plaintiff's second motion for summary judgment. During a June 21, 2023 court conference, before plaintiff filed its motion, the court specifically granted plaintiff leave to file the successive motion (see Fernandez v Elemam, 25 AD3d 752, 753 [2d Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025