■ LAMPROS NIKOLAS ANTIOHOS, by Estelle Reynolds, as Guardian of the Person and Property of LAMPROS NIKOLAS ANTIOHOS, Respondent, v ARTHUR MORRISON, Appellant, et al., Defendants. [40 NYS3d 397]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered October 9, 2015, which denied defendant Arthur Morrison's motion for an order vacating his default in answering, extending his time to answer, compelling plaintiff to accept his answer, and dismissing plaintiff's complaint for failure to state a cause of action, unanimously affirmed, without costs.

A party seeking additional time to appear or plead, or to compel the acceptance of a pleading untimely served, must make "a showing of reasonable excuse for delay or default" (CPLR 3012 [d]; 2004; *see Nouveau El. Indus., Inc. v Tracey Towers Hous. Co.*, 95 AD3d 616, 618 [1st Dept 2012]). Defendant Morrison failed to provide a reasonable excuse for his failure to serve a timely answer to the complaint served at his place of business (*see Toure v Harrison*, 6 AD3d 270, 271-272 [1st Dept 2004]). His contention that he was not properly served is belied by the affidavit of service which states that he was served at his law office, the same address appearing on his own motion papers (*see Matter of de Sanchez*, 57 AD3d 452, 454 [1st Dept 2008]). His argument that he did not timely answer because he was in ill health was not asserted below, although he submitted unaffirmed doctor's notes concerning his health at the time the motion was made.

Morrison's argument concerning plaintiff's late filing of the affidavit of service is also raised for the first time on appeal based on matters dehors the record, and we decline to consider it (*see Matter of Brodsky v New York City Campaign Fin. Bd.*, 107 AD3d 544, 545 [1st Dept 2013]). We have considered and rejected Morrison's remaining contentions. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.