Wells Fargo Bank, N.A. v Ferrato (2020 NY Slip Op 03067)





Wells Fargo Bank, N.A. v Ferrato


2020 NY Slip Op 03067


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman J.P., Gische, Webber, Gesmer, Oing, JJ.


850034/15 11561A 850294/17 11561

[*1]Wells Fargo Bank, N.A., etc., Plaintiff-Appellant,
v
Donna Ferrato, Defendant-Respondent, The Simon & Mills Building Condominium Board, et al., Defendants.
Wells Fargo Bank, N.A., etc., Plaintiff-Respondent,
v
Donna Ferrato, Defendant-Appellant, Capital One Bank (USA) N.A., et al., Defendants.


Greenberg Traurig, LLP, New York (Brian Pantaleo of counsel), for appellant/respondent.
Wrobel Markham LLP, New York (M. Katherine Sherman of counsel), for respondent/appellant.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered March 6, 2018, which, to the extent appealed from, denied plaintiff Wells Fargo Bank's motion to revoke acceleration of a mortgage loan made to defendant, unanimously affirmed, with costs. Order, same court and Justice, entered August 7, 2018, which denied defendant's motion to dismiss plaintiff's foreclosure action on the basis of CPLR 3211(a)(4) and CPLR 3211 (a)(5), unanimously reversed, with costs, on the law, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff Wells Fargo Bank failed to affirmatively revoke the acceleration of defendant's mortgage debt, as mere voluntary discontinuance of a foreclosure action is insufficient, in itself, to constitute an affirmative act of revocation (see Wells Fargo Bank, N.A. v Liburd, 176 AD3d 464, 464 [1st Dept 2019]; see also HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 507 [1st Dept 2018]). Wells Fargo admitted that its primary reason for revoking acceleration of the mortgage debt was to avoid the statute of limitations bar, and it proceeded to collect on the accelerated loan amount in a fifth foreclosure action filed shortly after it made its motion to revoke acceleration (see Vargas v Deutsche Bank Natl. Trust Co., 168 AD3d 630 [1st Dept 2019], lv granted 34 NY3d 910 [2020]).
Moreover, Wells Fargo's fifth foreclosure action, commenced on or around December 11, 2017, is time-barred, as Wells Fargo had accelerated the mortgage debt when it commenced its second foreclosure action on September 16, 2009 (CPLR 213[4]; see CDR Créances S.A. v Euro-American Lodging Corp., 43 AD3d 45, 51 [1st Dept 2007]). The fact that the prior [*2]foreclosure actions were dismissed does not undo Wells Fargo's act of accelerating the mortgage debt.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK