Citimortgage, Inc. v Dalal (2020 NY Slip Op 05847)





Citimortgage, Inc. v Dalal


2020 NY Slip Op 05847


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 32339/16E Appeal No. 12102 Case No. 2019-5432 

[*1]Citimortgage, Inc., Plaintiff-Appellant,
v
Dany Dalal, et al., Defendants, Link Point Realty Inc., Defendant-Appellant.


Warner & Scheuerman, New York (Jonathon D. Warner of counsel), for appellant.
David A. Gallo & Associates LLP, Roslyn Heights (David A. Gallo of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about June 17, 2019, which, to the extent appealed from as limited by the briefs, denied the cross motion of defendant Link Point Realty, Inc. for leave to renew a prior order denying its motion to dismiss the foreclosure complaint against it as time-barred, unanimously reversed, on the law, with costs, the cross motion granted and the complaint against defendant Link Point Realty Inc. dismissed. The Clerk is directed to enter judgment accordingly.
An action to foreclose on a mortgage is subject to a six-year statute of limitations (see Wells Fargo Bank, N.A. v Liburd, 176 AD3d 464 [1st Dept 2019]; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633 [2d Dept 2018], lv granted in part, dismissed in part 33 NY3d 1039 [2019]). Once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run (Wells Fargo Bank, N.A. at 464). A defendant moving to dismiss a foreclosure complaint on timeliness grounds will meet its primafacie burden of establishing that the six-year limitations period has expired when it can show that the plaintiff accelerated the debt through the filing of a prior foreclosure complaint more than six years prior to the filing of the present action (id.). Defendant has met its primafacie burden in this case.
Once the primafacie burden of untimeliness has been met, a lender may revoke its prior acceleration of the debt through "an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Freedom Mtge. Corp., 163 AD3d at 632). Recent authority from this Court states that the voluntary withdrawal of a prior foreclosure action does not, in itself, constitute an affirmative act to revoke its election to accelerate, particularly where the stipulation of discontinuance is silent on the issue of revocation and does not otherwise indicate that the plaintiff would accept installment payments from the defendant. In opposing a motion to dismiss on timeliness grounds, such evidence alone would be insufficient to raise an issue of fact so as to defeat the motion (see e.g. Wells Fargo Bank, N.A. v Ferrato, 183 AD3d 529 [1st Dept 2020]; Wells Fargo Bank, N.A. v Liburd, 176 AD3d at 464 ). Such is the case here.
Plaintiff contends that defendant failed to meet its primafacie burden of showing that the debt was accelerated in the first place, because the first foreclosure action and the present action "related to a different note" securing separate parcels of land, an argument that it did not raise in opposition to the underlying motion. Thus, the argument has not been preserved for appellate review (see Wolma v Shouela, 171 AD3d 664, 664-665 [1st Dept 2019]). It is evident from the record that those mortgages secured the same debt, which are subdivisions of the originally encumbered property that is the subject of the consolidated note.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020