U.S. Bank Trust, N.A. v Board of Mgrs. of the Devon Condominium (2020 NY Slip Op 06076)





U.S. Bank Trust, N.A. v Board of Mgrs. of the Devon Condominium


2020 NY Slip Op 06076


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Webber, J.P., Moulton, González, Shulman, JJ. 


Index No. 850076/17 Appeal No. 12192-12192A Case No. 2019-3768 

[*1]U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, Plaintiff-Appellant,
v
The Board of Managers of the Devon Condominium, Defendant-Respondent, New York City Transit Adjudication Bureau, et al., Defendants.


D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel, for appellant.
Kaufman, Friedman, Plotnicki & Grun, LLP, New York (Stanley M. Kaufman of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 5, 2019, which denied plaintiff's motion for summary judgment and dismissed the complaint as time-barred, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 6, 2019, which denied plaintiffs' motion to reargue (denominated a motion to renew and reargue), unanimously dismissed, without costs, as taken from a nonappealable order.
The applicable six-year limitations period (see CPLR 213[4]) commenced upon the filing of a 2009 foreclosure action by plaintiff's predecessor-in-interest (see Nationstar Mtge. LLC v Islam, 158 AD3d 553 [1st Dept 2018]). The instant action was commenced with the filing of a complaint on March 9, 2017, more than six years later. Contrary to plaintiff's argument, the discontinuance of the 2009 action, which occurred after the limitations period expired, in May 2017, was insufficient to constitute an affirmative act revoking the mortgage loan's acceleration (see Wells Fargo Bank, N.A. v Ferrato, 183 AD3d 529 [1st Dept 2020]). Supreme Court did not abuse its discretion by declining to consider plaintiff's argument that a bankruptcy proceeding tolled the statute of limitations, since it was raised for the first time in a footnote in its reply papers (see Keneally v 400 Fifth Realty LLC, 110 AD3d 624 [1st Dept 2013]).
Plaintiff's motion denominated as one for leave to renew and reargue was not based on new facts unavailable at the time that it moved for summary judgment, and was therefore a motion to reargue, the denial of which is not appealable (see Matter of Pettus v Board of Directors, 155 AD3d 485, 485-486 [1st Dept 2017], rearg denied 32 NY3d 1076 [2018]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020