Berdoe v Federal Natl. Mtge. Assn. (2022 NY Slip Op 07143)

Berdoe v Federal Natl. Mtge. Assn.

2022 NY Slip Op 07143

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 24911/17E Appeal No. 16881 Case No. 2021-04757 

[*1]Simone Berdoe, Plaintiff-Respondent,
v
Federal National Mortgage Association, Defendant-Appellant.

Goodwin Procter LLP, New York (Allison M. Funk of counsel), for appellant.
Law Office of Samuel Katz, PLLC, Brooklyn (Samuel Katz of counsel), respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about February 27, 2020, which, to the extent appealed from as limited by the briefs, upon reargument, granted plaintiff's motion for summary judgment on her claim to quiet title to her property and expunge a mortgage, and dismissing the first counterclaim, and denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court correctly found that plaintiff established her entitlement to the relief sought. The six-year statute of limitations began to run once the mortgage debt was accelerated by commencement of the prior foreclosure action by defendant's servicer, SunTrust Mortgage Inc., on October 15, 2009 (CPLR 213[4]; Citimortgage, Inc. v Dalal, 187 AD3d 567 [1st Dept 2020]; see also Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509 [1st Dept 2019]). Although a lender may revoke its election to accelerate the mortgage, "it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period" (Federal Natl. Mtge. Assn. v Rosenberg, 180 AD3d 401, 402 [1st Dept 2020]). SunTrust did not move to discontinue the foreclosure action until on or after October 22, 2015, which was more than six years after the action was commenced.
Defendant's contention that the limitations period may not have expired based on a Federal Emergency Management Agency order (DR-4085) issued in the wake of Hurricane Sandy, and a resulting moratorium on foreclosure activity by defendant, is unavailing. We decline to consider the argument raised for the first time on appeal based on matters outside the record (Antiohos v Morrison, 144 AD3d 427, 428 [1st Dept 2016]). In any event, defendant cites no authority for the proposition that either the order or defendant's own moratorium could have tolled the limitation period for the accelerated loan (see US Bank N.A. v Davis, 196 AD3d 530, 534 [2d Dept 2021]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022